

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2005

# Poole v. Dept of Corr

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4260

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Poole v. Dept of Corr" (2005). *2005 Decisions.* Paper 381.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/381

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4260
_____

SAMUEL T. POOLE,

Appellant

v.

D.O.C.; PA. BOARD OF PROBATION AND PAROLE;
SUPERINTENDENT PATRICK

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00096J)
District Judge: Honorable Kim R. Gibson

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
October 11, 2005
SCIRICA, <u>CHIEF</u> <u>JUDGE</u>, WEIS AND GARTH, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed October 19, 2005)
_____

OPINION
_____

PER CURIAM.

Samuel T. Poole, a prisoner, appeals from the order of the United States

District Court for the Western District of Pennsylvania granting the defendants' motion to

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

In May 2004, Poole filed a civil rights complaint against the Pennsylvania Department of Corrections, the Superintendent of S.C.I. Houtzdale, and the Pennsylvania Board of Probation and Parole, alleging that they (1) tried to force him to participate in drug rehabilitation programs that Poole's sentencing order did not require; (2) denied him parole in April 2003, based on his refusal to complete the prison drug rehabilitation program, even though he had completed another drug rehabilitation program (the Green Tree program) while he was in Delaware awaiting trial; (3) denied him parole based on the results of an untimely and procedurally deficient technical parole violation hearing; and (4) retaliated against him for refusing to take part in prison drug rehabilitation by prohibiting him from attaining "2R status," allegedly causing him to be ineligible for a drug program in Chester, a job change, and for a transfer to another prison. He sought damages and immediate release to a half-way house drug rehabilitation program. The defendants moved to dismiss pursuant to Rule 12(b)(6).

The Magistrate Judge recommended dismissing the action for failure to state a claim, finding that (1) to the extent that Poole challenged the execution of his sentence and sought release from custody, § 1983 was not available under Preiser v. Rodriguez, 411 U.S. 475 (1973); (2) Poole had no cognizable federally protected liberty interest in release on parole in the absence of a state mandated expectation of release, and (3) Poole failed to exhaust his administrative remedies on all of his § 1983 claims. By order entered October 14, 2004, the District Court overruled Poole's objections, adopted

2

the Magistrate Judge's Report, granted the Rule 12(b)(6) motion, and dismissed the complaint for failure to state a claim upon which relief could be granted. Poole filed a timely Rule 60(b) motion that the District Court denied in April 2005. Poole filed a timely notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Poole has been granted leave to proceed IFP on appeal. Under § 1915(e)(2)(B), the Court must dismiss an appeal if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary damages from a defendant with immunity. An appeal can be frivolous for either legal or factual reasons. Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Substantially for the same reasons set forth by the District Court, we conclude that Poole's civil rights complaint was properly dismissed for failure to state a claim. The District Court correctly determined that Poole's sentencing claim was not cognizable in a civil rights action under Preiser, as he sought immediate release from prison. Such relief may only be granted through a writ of habeas corpus. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).

Poole's due process claims for damages regarding the denial of parole are barred by the rule in Heck v. Humphrey, 512 U.S. 477 (1994). If the success of a § 1983 damages suit "would necessarily imply the invalidity of [a] conviction or sentence," a claim is cognizable only if the plaintiff can prove that the conviction or sentence has been

3

reversed, invalidated, or called into question by a grant of federal habeas corpus relief. <u>Heck</u>, 512 U.S. at 486-87.  Poole's attack on the integrity of the decision to deny parole necessarily implicates the validity of the parole decision, and he has not shown that the decision has been invalidated.

Turning to the retaliation claim, Poole asserts in his Complaint that correctional officers not named in this suit retaliated against him because he refused to enter and complete the prison drug rehabilitation program.  He claims that he refused to participate in the prison drug rehabilitation program because he had already successfully completed a program while he was incarcerated in Delaware and because he had a low opinion of the prison program itself.  Assuming that Poole exhausted his administrative remedies, the retaliation claim is barred as to the Department of Corrections and the Board of Probation and Parole.  See <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58 (1989) (holding that states, state agencies, and state officials acting in their official capacities are not "persons" subject to suit under 42 U.S.C. § 1983).  To the extent that Poole sues Defendant Patrick in his individual capacity for the retaliatory acts of the nonparty officers, he fails to state a claim.  The Complaint is devoid of any fact from which we can infer that Patrick was personally involved in the alleged retaliatory acts and Patrick is not liable under § 1983 on a theory of <u>respondeat superior</u>.  See <u>Rode v.</u>

4

Dellarciprete, 895 F.2d 1195, 1207 (3d Cir. 1988).[1]

　　　　　We conclude that the District Court's denial of Poole's motion for relief from judgment under Rule 60(b) was not an abuse of discretion.  See Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 653 (3d Cir. 1998).  Relief from judgment under Rule 60(b) is extraordinary and may be invoked only upon a showing of exceptional circumstances.  Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1988).  Poole failed to show any exceptional circumstances, and we find none on this record, that warrant disturbing the finality of the judgment in this case.

　　　　　Accordingly, because Poole's appeal lacks arguable merit, we will dismiss it pursuant to § 1915(e)(2)(B)(i).  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  Appellant's motion for appointment of counsel is denied.

---

[1] In his Objections, Poole asserted for the first time that the nonparty correctional officers retaliated against him after he filed a grievance against them by adding two non-drug related programs to the list of prescriptive programs he must complete before he can be eligible for release on parole.  This belated retaliation claim fails as to all of the named defendants for the same reasons that the original retaliation claim fails to state a claim upon which relief can be granted.

5