**Colleen K. WILLIAMS, individually and as Personal Representative of the Estate of Randy M. Bartel, Plaintiff–Appellant,**

v.

**DENVER, CITY AND COUNTY OF; Michael W. Farr, individually and in his capacity as an officer of the Denver Police Department; Aristedes Zavaras, individually and in his official capacity as Chief, Denver Police Department; Manuel Martinez, individually and in his official capacity as Manager of Safety for the City and County of Denver; Roger Cisneros; Edward Sullivan; Leslie Franklin; Jane Woodhouse, Deborah Wagner, individually and in their official capacities as members of the Civil Service Division, City and County of Denver, Defendants–Appellees.**

No. 94–1190.

United States Court of Appeals, Tenth Circuit.

March 3, 1997.

Before SEYMOUR, Chief Judge, PORFILIO, ANDERSON, TACHA, BALDOCK, BRORBY, KELLY, HENRY, BRISCOE, LUCERO, and MURPHY, Circuit Judges.*

## ORDER

The petitions for rehearing in this case are granted, the opinion in *Williams v. Denver,* 99 F.3d 1009 (10th Cir.1996), is vacated, and the case will be reheard by the court en banc. The Court is appointing Harry F. Tepker, Jr., Professor Law, University of Oklahoma College of Law, as amicus curiae in this case. The parties and the amicus curiae may file reply briefs not to exceed 15 pages on or before April 25, 1997. The parties and amicus curiae, in addition to any other issues they desire to brief, shall address the following questions:

1. What standard determines whether the conduct of the officer in this case violated the constitutional rights of the plaintiff's decedent?

2. Applying that standard, is the ultimate determination of whether the constitution was violated by the officer's conduct to be made by the court or by a jury?

3. May the municipality be found liable for violating the constitutional rights of the plaintiff's decedent by its own conduct or policies in hiring and/or failing to train Officer Farr, even if the officer's conduct did not violate the constitutional rights of decedent?

Briefs previously filed in this case will not be considered. If plaintiff intends to reassert issues previously briefed, they must be rebriefed.

---

* Judge David M. Ebel is recused in this case.

Oral argument will be heard before the en banc court, Tuesday, May 13, at 2:30 p.m. Each side and the amicus will be given 15 minutes to argue.