

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2001

# Coady v. Vaughn

Precedential or Non-Precedential:

Docket 98-1311

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Coady v. Vaughn" (2001). *2001 Decisions.* Paper 119.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/119

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed May 31, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 98-1311

JOSEPH COADY
        Appellant

v.

DONALD T. VAUGHN; THE DISTRICT A TTORNEY OF THE
COUNTY OF MONTGOMERY; THE ATTORNEY GENERAL
OF THE STATE OF PENNSYLVANIA

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 97-cv-07498)
District Judge: Honorable John R. Padova

Argued December 10, 1998

Before: BECKER, Chief Judge, ST APLETON and WEIS,*
Circuit Judges

(Filed: May 31, 2001)

_____

* Honorable Stanley S. Harris, United States District Judge for the
District of Columbia, who sat by designation on the original panel,
retired from the bench. The panel was reconstituted to substitute Hon.
Joseph F. Weis, Jr., in his stead.

Nancy Winkelman (Argued)
Gillian Thomas
Schnader, Harrison, Segal & Lewis
1600 Market Street, Suite 3600
Philadelphia, PA 19103

 Attorneys for Appellant

Kiersten M. Murray (Argued)
John O.J. Shellenberger
Office of the Attorney General of
 Pennsylvania
21 South 12th Street
Philadelphia, PA 19107

 Attorney for Appellees

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Petitioner Joseph Coady, a state prisoner incar cerated at the State Correctional Institution at Grater ford, Pennsylvania, appeals from the dismissal of his petition for a writ of habeas corpus. Coady was convicted of rape and indecent assault in the Montgomery County Court of Common Pleas and sentenced to six to twelve years of imprisonment, effective June 14, 1990. He became eligible for parole on June 14, 1996, the date of expiration of his minimum sentence. On August 19, 1996, the Pennsylvania Board of Probation and Parole ("PBPP") reviewed his file and denied his application for parole, specifying the following grounds: substance abuse, habitual offender, assaultive instant offense, very high assaultive behavior potential, victim injury, petitioner's need for treatment, failure to benefit from treatment program for sex offenders and substance abuse, and an unfavorable recommendation from the Department of Corrections. On September 16, 1997, the PBPP again reviewed Coady's file and denied his application for many of the same reasons cited in their 1996 decision in addition to his need for continued counseling and treatment and his multiple rape convictions.

2

Shortly thereafter, Coady filed a petition for a writ of habeas corpus challenging the PBPP's denial of his parole as a violation of his rights under the United States Constitution. He invoked the jurisdiction of the District Court under 28 U.S.C. S 2254 and sought immediate release from prison. A month later , Coady filed an amended petition in which he predicated jurisdiction on 28 U.S.C. S 2241(c)(3).

The Magistrate Judge to whom Coady's petition was referred treated it as a Section 2241 petition and recommended that it be dismissed for failur e to state a claim. The District Court adopted the Magistrate Judge's Report and Recommendation and dismissed the petition without issuing a certificate of appealability. This timely appeal followed. We appointed counsel to r epresent Coady, who had previously been proceeding pr o se.

I.

Section 2253(c) of Title 28 provides in r elevant part:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus pr oceeding in which the detention complained of arises out of pr ocess issued by a State court, or
>
> (B) the final order in a proceeding under section 2255.

Coady maintains that a certificate of appealability is not a prerequisite to our entertaining his appeal. He advances two alternative arguments in support of this proposition: (1) that his petition, which challenges his denial of parole as opposed to his conviction, is properly br ought under 28 U.S.C. S 2241, and Section 2253(c) does not r equire a certificate in an appeal from the dismissal or denial of a Section 2241 petition; and (2) that even if his petition is properly brought under Section 2254, rather than Section 2241, Section 2253(c)(1) does not requir e a certificate because "the detention complained of [in these circumstances does not arise] out of pr ocess issued by a state court." 28 U.S.C. S 2253(c)(1)(A). Additionally, Coady

3

insists that, even if a certificate were r equired, he is entitled to have one issued because he has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. S 2253(c)(2).

Respondent maintains that a certificate of appealability is required, that there is no substantial showing of a constitutional violation, and that Coady has, in any event, failed to exhaust his state remedies.

II.

Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. SS 2241(a) and (c)(3).

Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. S 2254(a).

It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one. See Edmond v. United States, 520 U.S. 651, 657 (1997) ("Ordinarily, where a specific pr ovision conflicts with a general one, the specific governs."); Preiser v. Rodriquez, 411 U.S. 475, 488-89 (1973) (holding that prisoner challenging validity of his confinement on federal constitutional grounds must rely on federal habeas corpus statute, which Congress specifically designed for that purpose, rather than broad language of Section 1983); West v. Keve, 721 F.2d 91, 96 (3d Cir. 1983). The rationale for this canon is that a general provision should not be applied "when doing so would undermine limitations created by a more specific provision." V arity v. Howe, 516 U.S. 489, 511 (1996). In the instant action, both Sections 2241 and 2254 authorize Coady's challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress

4

has restricted the availability of second and successive petitions through Section 2244(b).1  Allowing Coady to file
_____

1. Section 2244(b) provides:

>     (1) A claim presented in a second or successive habeas corpus application under Section 2254 that was presented in a prior application shall be dismissed.

>     (2) A claim presented in a second or successive habeas corpus application under Section 2254 that was not pr esented in a prior application shall be dismissed unless--

>     (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>     (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

>     (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

>     (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

>     (B) A motion in the court of appeals for an or der authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

>     (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

>     (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

>     (E) The grant or denial of an authorization by a court of appeals to

file a second or successive application shall not be appealable and shall not be the subject of a petition for r ehearing or for a writ of

certiorari.

(4) A district court shall dismiss any claim pr esented in a second or

successive application that the court of appeals has authorized to be

filed unless the applicant shows that the claim satisfies the requirements of this section.

5

the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would cir cumvent this particular restriction in the event that Coady seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that Coady must rely on Section 2254 in challenging the execution of his sentence.

Having so concluded, we find it unnecessary to address the validity of the proposition that no certificate of appealability is required in a proceeding initiated under Section 2241. We note only that if Coady is correct in arguing that a certificate is not required in such a proceeding, this would provide an additional reason for holding that Congress has attached restrictions to Section 2254 proceedings that should not be cir cumvented by permitting a petitioner to go forward under the more general authority conferred by Section 2241.

In reaching our conclusion that Section 2254 is the controlling statute in the circumstances before us, we are not unmindful of the cases which hold that federal prisoners challenging some aspect of the execution of their sentence, such as denial of parole, may pr oceed under Section 2241. This difference arises fr om the fact that Section 2255, which like Section 2241 confers habeas corpus jurisdiction over petitions from federal prisoners, is expressly limited to challenges to the validity of the petitioner's sentence.2 Thus, Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence. See U.S. v. Addonizio, 442

_____

2. Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

U.S. 178, 185–88 (1979) (holding that Section 2255 authorizes challenges to the lawfulness of a federal sentence, not to the lawfulness of the perfor mance of judgment and sentence); Bennett v. Soto, 850 F.2d 161, 162–63 (3d Cir. 1988) (holding that Section 2255 does not encompass the power to entertain federal prisoner's claim of wrongful revocation of parole); U.S. v. Kennedy, 851 F.2d 689, 691 & n.4 (3d Cir. 1988) (challenge to parole commission's execution of federal sentence pr operly challenged under Section 2241); U.S. v. Jalili , 925 F.2d 889, 893 (6th Cir. 1991) (challenge to place of imprisonment, not fact of federal conviction, properly br ought under Section 2241); U.S. v. Mares, 868 F.2d 151, 151 (5th Cir. 1989) (claim for credit for time served prior to date of federal sentence must proceed under Section 2241). As we have pointed out, Section 2254, in contrast to Section 2255, confers broad jurisdiction to hear the petition of any state prisoner "in custody in violation of federal law." Thus it is unnecessary to proceed under the more general Section 2241 in order to consider a state prisoner's challenge to the execution of his sentence.

III.

Having concluded that Coady must rely on Section 2254, we turn to Coady's argument that Section 2253(c)(1) does not require a certificate of appealability in a Section 2254 proceeding that challenges the constitutionality of a denial of parole. Noting that Section 2253(c)(1) r equires a certificate in a habeas proceeding br ought by a state prisoner only where "the detention complained of arises out of process issued by a State court," Coady asserts that the decision of the parole board he challenges is neither "process" nor "issued by a State court." While this assertion may in fact be true, Coady misunderstands the application of Section 2253(c)(1)(A). Under Section 2253(c)(1)(A), only the "detention complained of" must arise out of process issued by the state court. The state action alleged in the petition to deprive the petitioner of his federal rights need not itself be process issued by a state court. Because Coady challenges his continued detention, which resulted initially from a state court judgment, we hold that a certificate of appealability is required before we can accept jurisdiction.

7

Our holding is consistent with the decisions of other Courts of Appeals that have required certificates of appealability where the petitioner is in custody pursuant to a state court judgment even though the decision under attack is not that judgment but its execution. See Wildermuth v. Furlong, 140 F.3d 856, 857 n.2 (10th Cir. 1998) (noting Court's ability to review District Court's denial of habeas petition filed by state prisoner challenging denial of parole since District Court issued necessary certificate); Else v. Johnson, 104 F .3d 82, 82–83 (5th Cir. 1997) (holding that petitioner's challenge to par ole board's consideration of dismissed criminal charges satisfied requirements for issuing a certificate of appealability); Hallmark v. Johnson, 118 F.3d 1073, 1076–77 (1st Cir. 1997) (requiring certificate in challenge to ex post facto application of state directive eliminating discretion of official to restore previously forfeited good time credits), cert. denied 522 U.S. 1003 (1997).

IV.

Our conclusion that a certificate of appealability is required for this appeal to go forwar d does not compel dismissal. Because Coady filed a timely notice of appeal, we construe this notice as a request for a certificate of appealability pursuant to Section 2253(c)(1) and Fed. R. App. Proc. 22(b).3  Se e Miller v. N.J. State Dept. of

---

3. When Coady filed his notice of appeal, Federal Rule of Appellate Procedure 22(b) provided:

> In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of appealability pursuant to section 2253(c) of title 28, United States Code. If an appeal is taken by the applicant, the district judge who render ed the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue. The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge. If such a request is

Corrections, 145 F.3d 616, 617 (3d Cir. 1998) (construing timely appeal as request for certificate of appealability). Before this Court may issue a certificate of appealability, petitioner Coady must make "a substantial showing of the denial of a constitutional right," see 28 U.S.C. S 2253(c)(2), and any such certificate must "indicate which specific issue or issues" satisfy this requirement. See 28 U.S.C. S 2253(c)(3). Accordingly, we now tur n to Coady's claims that the denials of his parole violated substantive due process and the ex post facto clause.

A.

Citing Block v. Potter, 631 F.2d 233 (3d Cir. 1980), Coady insists that the decisions of PBPP violated substantive due process because they were arbitrary and capricious. It is not altogether clear to us why Coady regar ds these decisions as arbitrary and capricious. It is clear to us that the allegations of his petition do not make the r equired showing.

The petition first alleges that the PBPP used constitutionally impermissible criteria. W e find all of the considerations mentioned in the decisions of the Board to be rationally related to the issues befor e it, however, and none to be foreclosed by the Constitution.

The petition also alleges that the challenged decisions resulted from the Board's "applying erroneous descriptions of the conduct underlying the offense." App. at 56. However, federal courts are not authorized by the due process clause to second–guess parole boar ds and the

_____

addressed to the court of appeals, it shall be deemed addressed to the judges thereof and shall be consider ed by a circuit judge or judges as the court deems appropriate. If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute
a request addressed to the judges of the court of appeals. If an appeal is taken by a State or its representative, a certificate of appealability is not required.

Fed. R. App. P. 22(b) (1998) (amended Apr . 24, 1998, effective Dec. 1, 1998).

requirements of substantive due pr ocess are met if there is some basis for the challenged decision. Here, the petition affirmatively alleges that the Board r elied upon the presentence report in evaluating the underlying offense. App. at 58 (the Board "considers the underlying nature of the offense based on the official version which the Court of Common Pleas had already considered when imposing the definite sentence.").

Finally, while the petition alleges that the Boar d considered false information, it does not specify the basis for this allegation, and it is apparent fr om the petition that Coady simply has a different opinion with respect to the factors cited by the Board and believes it gave inadequate weight to information about his institutional experience tending to support his opinion.

We decline to issue a certificate of appealability with respect to Coady's substantive due process claims.

B.

Article I, S10, of the Constitution prohibits the States from passing any "ex post facto law." This clause forbids enactment of any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then pr escribed." Weaver v. Graham, 450 U.S. 24, 28 (1981) (quoting Cummings v. Missouri, 4 Wall. 277, 325–26 (1867)). The prohibition of ex post facto laws has two purposes: (1) it prevents legislatures from inter fering with the executive and judicial roles of prosecution and punishment; and (2) it assures that legislative acts give fair war ning of what actions will be punished and the degree to which they will be punished. In accord with these purposes, two critical elements must be present before a court may find that criminal or penal law violates the ex post facto clause: (1) the law must be retrospective, applying to events occurring before its enactment; and (2) it must disadvantage the offender affected by it. See id. at 29; U.S. ex rel. D'Agostino v. Keohane, 877 F.2d 1167, 1173 (3d Cir . 1989).

Coady alleges that between the time he committed his offense and the time he was considered for parole, the

10

criteria for granting and denying parole underwent a fundamental change as the result of (a) an internal policy decision to require the affirmative agreement of three reviewers to grant parole to "violent offenders," (b) a new set of parole guidelines promulgated in 1990, (c) an amendment to Pennsylvania's Parole Act in 1996, and (d) an agreement between Pennsylvania and the federal government under the Federal Violent Of fender and Truth-in-Sentencing Program. The new parole guidelines are said to operate not as "mere guideposts" but rather as criteria qualifying under our jurisprudence as "laws" for the purposes of the ex post facto clause. See United States ex rel. Forman v. McCall, 709 F .2d 852-53 (3d Cir. 1983). Coady emphasizes that in 1991, eighty percent of state prisoners were released at the completion of their minimum sentence while by the first quarter of 1996, that number had fallen to twenty-nine percent.

We conclude that Coady has made a substantial showing of the denial of a constitutional right and will issue a certificate of appealability with respect to his ex post facto claims. The finding of a substantial showing of the denial of a constitutional right is a prerequisite to our consideration of the procedural issues in an appeal under Section 2254. See Morris v. Horn, 187 F.3d 333, 341 n.4 (3d Cir. 1999); cf. Nichols v. Bowersox, 172 F .3d 1068, 1070 n.2 (8th Cir. 1999) (en banc) (holding that a substantial showing of a constitutional right is not required befor e a court may grant a certificate and review a procedural issue).

We cannot reach the merits of this claim because we conclude that Coady has failed to exhaust his state remedies. Under Section 2254, a writ of habeas corpus may not be granted unless the applicant has exhausted remedies available in state court or "unless there is an absence of available corrective state pr ocess or state remedies are ineffective." Morris, 187 F.3d at 337; 28 U.S.C. S 2254(b)(1).

While exhaustion is mandated by Section 2254, it"has developed through decisional law in applying principles of comity and federalism as to claims brought under 28 U.S.C. S 2241." See Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986). Exhaustion is not a

11

jurisdictional requirement but rather addr esses federalism and comity concerns by "affor d[ing] the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." Vasquez v. Hillery, 474 U.S. 254, 257 (1986) (citing Rose v. Lundy, 455 U.S. 509, 515 (1982)). The habeas petitioner has the burden of proving exhaustion of all available state remedies. See Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

Our initial review of Pennsylvania law left us uncertain whether any state process was available to r emedy Coady's alleged injury.4 In the inter ests of judicial comity and efficiency, we certified to the Pennsylvania Supreme Court (pursuant to Pennsylvania Supreme Court Or der No. 197, Judicial Administration, Docket No. 1, dated October 18, 1998) the following two questions:

1. May a person who has been denied parole fr om a Pennsylvania sentence obtain review from a Pennsylvania state court of a claim that the denial of par ole violated the ex post facto clause of the United States Constitution?

2. If so, may review be appropriately secured on direct appeal, through a petition for a writ of mandamus, or in some other manner?

The Pennsylvania Supreme Court granted our petition for certification and issued an opinion addressing the two certified issues. The Supreme Court ther e advised that where

_____

4. The Pennsylvania Supreme Court's opinion in Rogers v. Pennsylvania Board of Probation and Parole , 724 A.2d 319 (1999), had appeared to foreclose the availability of direct r eview of claims that parole board decisions violated the ex post facto clause. Nevertheless, we saw a tension between our reading of Rogers and two decisions of the Pennsylvania Commonwealth Court, Stewart v. Pennsylvania Board of Probation and Parole, 714 A.2d 502, 509 (Pa. Commw. Ct. 1998) (deciding an ex post facto clause claim on the basis that parole policies are not "laws"), and Myers v. Ridge , 712 A.2d 791 (Pa. Commw. Ct. 1998) (considering the merits of an ex post facto clause claim in a manner suggesting that constitutional and statutory violations relating to parole decisions are appealable).

12

discretionary actions and criteria are not being contested but rather the actions of the boar d taken pursuant to changed statutory requirements are being challenged, an action for mandamus remains viable as a means for examining whether statutory requir ements have been altered in a manner that violates the ex post facto clause. Such an action could be brought in the original jurisdiction of the Commonwealth Court. Absent a change in the statutes governing par ole, however, denial of parole would generally constitute a discretionary matter that is not subject to r eview.

Coady v. Vaughn, 2001 Pa. LEXIS 567, at *6-7.

Coady asserts that the PBPP's application of the 1996 amendment to Pennsylvania's Parole Act to his case violated his rights under the ex post facto clause of the United States Constitution. Thus, he has clearly raised a challenge to "actions of the board taken pursuant to changed statutory requirements" and he clearly has a state court remedy with respect to that claim which he has not exhausted. It necessarily follows that Coady's was at least a "mixed petition" and that the District Court properly dismissed that petition for failure to exhaust. Rose v. Lundy, 455 U.S. at 510.

Moreover, we note that our case law for ecloses a District Court from excusing exhaustion "unless state law clearly forecloses state court review of claims which have not previously been presented to a state court." Lines v. Larkin, 208 F.3d 153, 163 (3d Cir. 2000) (emphasis in original). Thus, in cases where there is any doubt about the availability of a state remedy, the claim must be dismissed. Id. This is relevant here for two r easons.

First it is not clear to us that the Pennsylvania Supreme Court utilized the term "statutes" as narrowly as Coady suggests. The Court may well have employed the phrase "statutes governing parole" as synonymous with "laws governing parole," and it is conceivable to us that the Commonwealth Court will find that it has jurisdiction to entertain Coady's other ex post facto claims.5

_____

5. To persuade us that his claims based on the parole board policy are cognizable under the ex post facto clause, Coady cites to the recent

13

Second, Justice Castille, in a concurring opinion, expressed his belief that "a constitutional claim arising in connection with a prisoner's continued confinement may be cognizable under Pennsylvania's habeas corpus statute." Coady, 2001 Pa. LEXIS 567, at *7. The availability of habeas relief in this situation had not been ar gued to the Court, however, and Justice Castille declar ed that he would "await an actual case or controversy, with adversarial presentations, to definitively resolve the question." Id. at *27. Apparently, for the same reason, the opinion of the Court does not comment on the availability of such r elief. As a result, we do not read the Court's opinion as ruling out the possibility of such relief.

CONCLUSION

We will issue a certificate of appealability with respect to Coady's ex post facto claims. We will affir m the order of the District Court dismissing his complaint, however , because he has failed to exhaust all state remedies.

A True Copy:
Teste:

     Clerk of the United States Court of Appeals
     for the Third Circuit
_____

decision of the United States Supreme Court in Garner v. Jones, 529 U.S. 244 (2000). In Garner, the Supr eme Court found that courts must consider the practical effect of parole board policies in the course of determining whether a statute violates the"ex post facto law" clause of the Constitution. To the extent that Gar ner is instructive here, we observe that Coady's constitutional arguments based upon the pronouncements of the United States Supr eme Court should be equally persuasive in the courts of Pennsylvania.

14