**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-2642

MICHAEL A. BRENNAN,

Petitioner, Appellant,

v.

ASHBEL T. WALL,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

[Hon. Mary M. Lisi, U.S. District Judge]

Before

Boudin, Chief Judge,
Lipez and Howard, Circuit Judges.

Michael A. Brennan on brief pro se.
Aaron L. Weisman, Assistant Attorney General, Rhode Island Department of Attorney General, on brief for appellee.

May 4, 2004

**Per Curiam**. Pro se petitioner Michael Brennan ("Brennan"), a state prisoner, appeals from the dismissal of his 28 U.S.C. §§ 1651 and 2241 petition. The district court treated the filing as a § 2254 petition and dismissed it as nonconforming, successive, and untimely. We already have held that Brennan may not bring a "second or successive" § 2254 petition because he cannot satisfy the requirements of § 2244(b). Therefore, the only question before us is whether the district court properly denied relief under § 2241 and § 1651. Our review is de novo. Saint Fort v. Ashcroft, 329 F.3d 191, 202 (1st Cir. 2003). We affirm.

A state habeas petitioner in custody pursuant to the judgment of a state court may not evade the "second or successive" restrictions of § 2244 by bringing his petition under § 2241 rather than § 2254. See, e.g., Medberry v. Crosby, 351 F.3d 1049, 1060-61 (11th Cir. 2003), petition for cert. filed, Feb. 23, 2004 (No. 03-9165); Cook v. New York State Division of Parole, 321 F.3d 274, 278-79 & n.4 (2d Cir. 2003); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001). As the Third Circuit explained, "both Sections 2241 and 2254 authorize [petitioner's] challenge to the legality of his continued state custody," but allowing him to file his "petition in federal court pursuant to Section 2241 without reliance on Section 2254 would . . . thwart Congressional intent." Coady, 251 F.3d at 484-85. Thus, a state prisoner in custody pursuant to the judgment of a state court may file a habeas corpus

petition, as authorized by § 2241, but he is limited by § 2254. Cf. United States v. Barrett, 178 F.3d 34, 49-50 (1st Cir. 1999), cert. denied, 528 U.S. 1176 (2000) (holding that federal prisoner could not evade restrictions on successive § 2255 petitions by resort to § 2241).

Nor may the All Writs Act, 28 U.S.C. § 1651, be used to evade the strictures of § 2254. "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotation marks and citation omitted). As noted above, because Brennan is in custody pursuant to the judgment of a state court, his request for relief is governed by § 2254. Because a § 2254 petition is available to him, a writ under § 1651 is not. See, e.g., Godoski v. United States, 304 F.3d 761, 762 (7th Cir. 2002), cert. denied, 537 U.S. 1211 (2003); cf. Barrett, 178 F.3d at 55 (holding that federal prisoner could not evade restrictions on successive § 2255 petitions by resort to § 1651).

Accordingly, the district court properly treated Brennan's petition as having been brought under § 2254, despite Brennan's attempt to classify his petition as a § 2241 or § 1651 action.

The judgment of the district court is affirmed. See 1st Cir. R. 27(c).