

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2006

# Mayer v. Atty Gen PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5468

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Mayer v. Atty Gen PA" (2006). *2006 Decisions.* Paper 885.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/885

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-219                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5468
_____

TROI MAYER

v.

THOMAS CORBETT, PENNSYLVANIA ATTORNEY GENERAL;
GWENDOLYN T. MOSLEY, DEPUTY ATTORNEY GENERAL

Troy J. Mayer,

Appellant

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 05-cv-01217)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 11, 1006

Before: BARRY, SMITH AND NYGAARD, CIRCUIT JUDGES

(Filed June 16, 2006)
_____

OPINION
_____

PER CURIAM

Troi Mayer appeals pro se from the order of the United States District Court for the

Middle District of Pennsylvania dismissing his habeas corpus petition.  Mayer, who is

currently incarcerated at the State Correctional Institution at Greene, was convicted in 1981 of murder and other crimes in Pennsylvania. Mayer's direct appeal and initial collateral proceedings in state court were unsuccessful, and his first federal habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, was denied on the merits in 1994. Mayer filed a second petition in state court pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA") and was granted relief when the PCRA court ordered a new trial in July 2002. The Commonwealth appealed, however, and the Pennsylvania Superior Court vacated the PCRA court's order. Mayer's petition for review by the Pennsylvania Supreme Court was denied.

In June 2005, Mayer filed this habeas petition in the District Court pursuant to 28 U.S.C. § 2241, claiming that the Pennsylvania Superior Court lacked jurisdiction over his PCRA proceedings, because the Commonwealth's notice of appeal was filed late. Upon the recommendation of the Magistrate Judge, the District Court dismissed Mayer's petition without prejudice to his filing a new petition pursuant to 28 U.S.C. § 2254.[1] Mayer timely appealed and has filed a response to our notice advising him that the appeal would be listed for possible summary action. Respondents have notified us that they will not be

[1]We note that such filing is unnecessary. Several months prior to filing this § 2241 petition, Mayer filed an application pursuant to 28 U.S.C. § 2244 seeking authorization from this court to file a second § 2254 petition containing the same claims presented in the § 2241 petition. We denied this application as unnecessary and directed that the proposed § 2254 petition be transferred to the appropriate District Court. See In Re: Mayer, No. 05-2300 (order entered October 17, 2005). The petition was transferred to the United States District Court for the Eastern District of Pennsylvania (Civ. No. 05-cv-06017) and remains pending there. We also note that Mayer is represented by counsel in that proceeding.

2

participating in the appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. After a careful review of the record, we conclude that the appeal presents "no substantial question." We will, therefore, summarily affirm the District Court's judgment pursuant to Third Cir. LAR 27.4 and I.O.P. 10.6.

On its face, Mayer's § 2241 petition challenges the validity of the PCRA proceedings in the Superior Court and appears to be grounded in Mayer's belief that his current custody resulted from the Superior Court's order. However, as the District Court observed, Mayer's current custody stems from his underlying state conviction, which was validated by the Superior Court's order vacating his PCRA relief. Thus, Mayer's appellate PCRA proceedings did not alter the fact that he remains in custody "pursuant to the judgment of a State court," making § 2254 the proper vehicle for his claims. See 28 U.S.C. § 2254(a); Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001).

For these reasons, we agree with the District Court's refusal to entertain Mayer's petition and will, therefore, summarily affirm the District Court's judgment. Mayer's motion for the appointment of counsel is denied, as Mayer has not made a threshold showing that his appeal has arguable merit in fact and law. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).[2]

---

[2]In view of today's decision, Mayer's request in his summary action response to consolidate this appeal with his other pending civil appeals is denied.