Tyree A. GREGORY, Appellant

v.

J. GRONDOLSKY, Warden
FCI Fort Dix.

No. 09–3579.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action

Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 Dec. 3, 2009.

Opinion filed: Jan. 28, 2010.

Tyree A. Gregory, Fort Dix, NJ, pro se.

Susan J. Steele, Esq., Office of United States Attorney, Newark, NJ, for J. Grondolsky.

Before: McKEE, RENDELL and CHAGARES, Circuit Judges.

OPINION

PER CURIAM.

Tyree A. Gregory appeals from an order of the United States District Court for the District of New Jersey, which dismissed his petition for a writ of habeas corpus for lack of jurisdiction. As the appeal presents no substantial issue, we will summarily affirm the District Court's judgment.

Gregory's petition, filed pursuant to 28 U.S.C. § 2241, sought a credit against his prison sentence at a 3:1 ratio for time served at correctional centers whose conditions, he alleged, bordered on cruel and unusual punishment.[1] The District Court determined that the relief Gregory sought was not available via a § 2241 petition, as Gregory was not challenging the execution of his sentence, but was rather seeking a reduction or modification of his sentence. The District Court noted that such relief was potentially available only by way of motions filed pursuant to 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c). We agree.

---

1. Gregory complained of pre-trial detention conditions at three different correctional facilities, and alleged, *inter alia,* that he was forced to live in overcrowded and unsanitary conditions, that he was stabbed with a homemade shank, that meals were inadequate and unsafe, and that he was exposed to potentially life-threatening diseases from other inmates.

As the District Court noted, a § 2241 petition is the proper means for a federal prisoner to challenge the execution of his sentence. *Coady v. Vaughn,* 251 F.3d 480, 485–86 (3d Cir.2001). A federal prisoner may challenge, for example, such matters as the administration of parole, computation of his sentence by prison officials, prison disciplinary actions, prison transfers, type of detention or prison conditions by way of a § 2241 petition. *Woodall v. Federal Bureau of Prisons,* 432 F.3d 235, 242 (3d Cir.2005). Here, Gregory was not challenging the execution of his sentence; *e.g.,* the computation of the sentence that was imposed for his criminal conviction, or the conditions of his current imprisonment. Instead, he was asking the District Court to modify the sentence originally imposed to reflect a credit based on conditions in his places of pretrial confinement. We agree with the District Court that the only potential vehicles for relief would be a motion to correct the sentence filed pursuant to 28 U.S.C. § 2255, or a motion to reduce the sentence pursuant to 18 U.S.C. § 3582 filed with the sentencing court.[2]

For the foregoing reasons, we will summarily affirm the District Court's judgment.

---

**2.** We express no opinion as to whether Gregory could meet the procedural prerequisites for either of these forms of relief, nor whether such motions would be found to have merit.