GLD-170                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1771
_____

IN RE:  MARK ROBINSON,
                                                    Petitioner
_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 10-cv-1985)
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 21, 2011

Before:  AMBRO, CHAGARES and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed May 2, 2011)
_____

OPINION
_____

PER CURIAM

        Petitioner Mark Robinson, proceeding *pro se*, seeks a writ of mandamus.  For the

reasons that follow, we will deny the petition.

        Robinson is currently serving a life sentence for his 2003 convictions for murders

in the first and third degrees.  After his state appeals and collateral review were

dismissed, Robinson filed a federal petition for a writ of habeas corpus.  That petition

was denied as untimely as Robinson filed it several years beyond the one year statute of

limitations provided in 28 U.S.C. § 2244.  Robinson v. Sobina, No. 4:10- cv-1985, 2010

WL 5148470 (M.D. Pa. Dec. 13, 2010), *certificate of appealability denied* C.A. No. 11-

1084 (3d Cir. Mar. 24, 2011).  Robinson now seeks a writ of mandamus, raising

substantially the same claims as in his earlier petition for a writ of habeas corpus.[1]

A writ of mandamus is a drastic remedy available only in extraordinary cases.  See

In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  A petitioner

seeking mandamus must demonstrate that "(1) no other adequate means exist to attain the

relief he desires, (2) the party's right to issuance of the writ is clear and indisputable, and

(3) the writ is appropriate under the circumstances."  Hollingsworth v. Perry, 130 S.Ct.

705, 710 (2010) (per curiam) (internal quotation marks and citation omitted).  The proper

avenue for challenging a state conviction in federal court is 28 U.S.C. § 2254.  See Coady

v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).  When a prisoner has previously filed a

habeas petition, he may not file another without leave from the Court of Appeals.  28

---

[1] Robinson has captioned his filings in this matter as "Pro se Extraordinary Writ" and "Forma Pauperis . . . Habeas Corpus and Mandamus," which may be construed as seeking permission to file a second or successive habeas petition.  Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999) ("We have the power, in the exercise of our informed discretion, to treat this appeal as if it were, in whole or in part, a motion for authority to proceed under section 2244(b)(3)(A) . . . ."). To the extent he may be seeking permission to do so, his request is denied as he has failed to make a *prima facie* showing that: (A) the claim relies on a retroactively applicable "new rule" of constitutional law; or (B) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  See 28 U.S.C. § 2244(b)(2).

U.S.C. § 2244.

The fact that Robinson is now barred by AEDPA from filing another habeas petition without permission does not make mandamus an available remedy; mandamus does not become available simply because a federal court previously denied habeas relief or because the gatekeeping provisions of 28 U.S.C. § 2254 make it difficult to pursue a successive motion. Cf. In re Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997) (federal habeas corpus petition pursuant to 28 U.S.C. § 2241 is not available simply because petitioner cannot meet AEDPA's stringent gatekeeping requirements).

Accordingly, we will deny the petition.[2]

---

[2] To the extent Robinson's filings may be construed as a motion for federal witness protection, that motion is denied.