ALD-201                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4752
_____

BOBBY BROWN,
                                                    Appellant

v.

GOVERNOR OF NEW JERSEY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-01572)
District Judge:  Honorable Mary L. Cooper
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 3, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed: June 17, 2011 )
_____

OPINION
_____

PER CURIAM

    Bobby Brown, a New Jersey state prisoner proceeding pro se, appeals from the

order of the District Court dismissing his complaint.  We will affirm.

I.

Brown is serving a life sentence for murder. He unsuccessfully challenged his conviction in state court and a federal habeas proceeding, and we denied a certificate of appealability. (C.A. No. 05-2151.) Brown and a fellow inmate then filed suit against the Governor of New Jersey under 42 U.S.C. § 1983 in 2006. (D.N.J. Civ. No. 06-cv-00782.) Brown alleged that New Jersey authorities had failed to apply commutation time credit to his sentence. The District Court dismissed the complaint on the ground that Brown may challenge the execution of his sentence only through a habeas petition. Brown appealed, but we dismissed his appeal for failure to prosecute and denied his subsequent motion to reopen. (C.A. No. 06-3086.)

Brown later filed the complaint at issue here, once again under § 1983. Brown's complaint is difficult to follow, but he appears to contend that New Jersey authorities have applied a statutory amendment retroactively to him in a way that deprives him of commutation time and work credits. The statute in question appears to be New Jersey's No Early Release Act, which provides, inter alia, that "a sentence of life imprisonment shall be deemed to be 75 years" for purposes of parole eligibility. N.J. Stat. Ann. § 2C:43-7.2(b). Brown asserts that New Jersey authorities have not "clarified" whether his sentence is deemed to be seventy-five years under this statute, but it is not clear what relevance that would have to commutation time or work credits. Brown also asserts that his life sentence is illegal under New Jersey law. He seeks an injunction requiring authorities to apply the law that was in effect at the time of his conviction, though he does

2

not specify how.[1]

The District Court granted Brown leave to proceed in forma pauperis, screened his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed it for failure to state a claim for the reasons explained in its previous order. Brown appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). Having conducted that review, we conclude that this appeal presents no substantial question. See 3d Cir. LAR 27.4 (2010); 3d Cir. I.O.P 10.6.

The District Court already decided in the 2006 action that Brown is required to bring his claims concerning commutation credits in a habeas petition, and Brown forfeited his right to challenge that ruling on appeal. Even considered on the merits, though, there is no basis to challenge the District Court's ruling. Brown's allegations are not entirely clear, but what is clear is that he has not raised any challenge to the legality of any procedure or its application that might arguably be cognizable under § 1983. Cf. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (addressing challenge to state parole procedures). Instead, his apparent challenges relate solely to the "'the fact or duration of his confinement.'" Id. at 78 (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)).

---

[1] Brown alleges that he has sought relief on these issues in state court. He provides no details in that regard, but we take judicial notice of the fact that he raised these claims unsuccessfully in a petition for post-conviction relief shortly before he filed the complaint

Thus, they "lie 'within the core of habeas corpus'" and must be raised in a habeas petition. Id. at 79 (quoting Preiser, 411 U.S. at 487). In Brown's case, his status as a state prisoner means that he must raise his challenges in a habeas petition under 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001).

On appeal, Brown insists that he is not seeking credits per se, but only to invalidate New Jersey authorities' alleged practice of applying (in an unspecified way) statutory amendments retroactively to him. Entitlement to credits, however, appears to be the only conceivable benefit he might receive. He also continues to argue that his sentence is illegal under New Jersey law and that New Jersey courts "will not comply" with New Jersey law. These are habeas claims. Indeed, Brown already has raised them unsuccessfully in state court. If he wants to raise them now in federal court, he must do so by means of a habeas petition, though we express no opinion on whether a habeas petition would be otherwise proper.

Accordingly, we will affirm the judgment of the District Court.

---

at issue here. See State v. Brown, No. A-3394-07T4, 2009 WL 1149506 (N.J. Super. Ct. App. Div. Apr. 30, 2009).