CLD-298                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1324
_____

UNITED STATES OF AMERICA

v.

JAMES ANDREW WILLIAMS,
                                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 2:11-cr-00247-001)
District Judge:  Honorable Gustave Diamond

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 13, 2015
Before: FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit Judges</u>

(Opinion filed: August 31, 2015)
_____

OPINION[*]
_____

PER CURIAM

        In 2011, James Andrew Williams was charged with one count of failing to register

as a convicted sex offender in violation of 18 U.S.C. § 2250(a).  In 2013, after he pleaded

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

guilty, he was sentenced to time served and a 10-year term of supervised release.[1] Twice, his supervised release has been revoked for violations. Each time, he was sentenced to prison and given a new term of supervised release.[2] While serving the second of the two sentences for violating the terms of his supervised release at FCI – Loretto, Williams filed a pro se motion on the docket of his criminal case.

Williams asked the District Court to instruct the warden at FCI – Loretto to "open up unlimited . . . access to attorneys, courts, investigators in the Western District of Pennsylvania with a joint motion" and "to release any information or knowledge" of threats against Williams by "Hispanics and/or gang members" and "conflicts between them." The District Court, noting that it lacked authority over the operations of the Bureau of Prisons, denied the motion. The District Court nonetheless forwarded a copy of the motion to the warden to address Williams's apparent concern about his safety.

Williams appeals.[3] We have jurisdiction under 28 U.S.C. § 1291. Upon review, we will summarily affirm because no substantial question is presented on appeal.[4] 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

[1] We dismissed Williams's subsequent appeal on the government's motion invoking the fugitive disentitlement doctrine. United States v. Andrews, C.A. No. 13-1706 (order entered on Jan. 24, 2014).

[2] We allowed Williams to withdraw the appeals he took of those decisions. United States v. Andrews, C.A. No. 13-2630 (order entered on Sept. 27, 2013); United States v. Andrews, C.A. No. 14-3362 (order entered on Aug. 5, 2014).

[3] He seeks to stay this appeal until he is released from prison. We deny his request.

First, we note that it is not clear under which authority Williams proceeded with his request, in his criminal case, for the District Court to instruct the warden. If he was attempting to open an original mandamus action under 28 U.S.C. § 1361, his attempt was appropriately rebuffed because he did not show that the warden owed him a duty to provide unlimited access to, and the release of, information. If he was seeking to file a petition under 28 U.S.C. § 2241, as he suggests in his notice of appeal by essentially arguing that the District Court retains authority over his sentence, the denial was also correct. A federal prisoner may challenge the execution of his sentence in a petition pursuant to § 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). However, Williams does not raise such a challenge; if anything, his motion related to the conditions of his confinement, which cannot be raised in habeas. Cf. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.")

Also, Williams did not present a civil rights complaint or seek to open a new action with his filing.[5] He essentially sought discovery. In his criminal case, there was

---

[4] After we notified him that his appeal was subject to possible summary action, he responded that he would like us to consider new claims. However, we do not consider claims not raised in the District Court. See Brenner v. Local 514, United Bhd. of Carpenters & Joiners of Am., 927 F.2d 1283, 1299 (3d Cir. 1991).

[5] We are aware that he asserts, in his motion for a stay, that he is pursuing a civil action against staff at FCI – Loretto, but those claims are separate from his efforts to have the warden instructed.

no good cause for the information unrelated to his criminal case and sought after his judgment was entered. <u>See</u> Fed. R. Crim. P. 16(d) (regulating discovery in criminal cases). And, as noted, there was no pending civil action for which a subpoena or discovery was appropriate. <u>See</u> Fed. R. Civ. P. 26 & 45.

For these reasons, we conclude that the District Court correctly ruled that it was without authority to provide the relief that Williams requested. We will affirm the District Court's judgment.[6]

---

[6] As we noted above, his motion for a stay of this appeal until his release from prison is denied.