CLD-071                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2517
_____

TYRRELL L.J. EILAND,
                                                Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-15-cv-02995)
District Judge: Noel L. Hillman
_____

Submitted for Possible Dismissal under 28 U.S.C. 1915(e)(2) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 3, 2015

Before:  FISHER, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Filed: December 14, 2015)
_____

OPINION*
_____

PER CURIAM

Tyrone Eiland appeals from an order of the District Court dismissing his petition

for writ of habeas corpus, 28 U.S.C. § 2241, for lack of jurisdiction.  For the reasons that

follow, we will summarily affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Eiland, a federal prisoner, filed his § 2241 petition in the United States District Court for the District of New Jersey, alleging that he is receiving inadequate medical care at his place of incarceration, FCI Fort Dix, that he has a pre-existing condition which requires specialized care, that his medications were late, that appointments have not been made, and that his unspecified medical condition is becoming worse. Eiland also contended that the prison is overcrowded and unclean to the point of posing a health and security risk to inmates, and that he was sexually assaulted by another inmate. Eiland alleged that his constitutional rights were violated when, in retaliation for grievance reports he filed, he was issued an incident report that carried with it severe sanctions and penalties. Last, Eiland alleged that the Bureau of Prisons ("BOP") miscalculated his sentence and custody level.

In an order entered on June 8, 2015, the District Court dismissed the entire § 2241 petition for lack of jurisdiction. The Court reasoned that Eiland was challenging the conditions of his confinement rather than the execution of his sentence, and thus that habeas corpus was not an available remedy, see Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). The Court explained that Eiland could bring his claims in a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), after exhausting his administrative remedies as required by 42 U.S.C. § 1997e(a). See Jones v. Bock, 549 U.S. 199 (2007). With respect to the claim related to the calculation of his sentence, the District Court determined that that such a claim must be brought by way of a motion to vacate sentence under 28 U.S.C. § 2255, and advised Eiland that he should bring his sentence-calculation challenge in the Southern District of New York, where he was sentenced.

Eiland appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. The parties were invited to submit argument in writing. The Warden has done so; Eiland has not.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. To the extent that Eiland challenged the adequacy of the medical care he is receiving, the Warden's response to his alleged sexual assault, the conditions at the prison, improper retaliatory conduct by prison officials, and his custody level, his claims do not sound in habeas corpus. See Leamer, 288 F.3d at 542. The District Court's dismissal of Eiland's § 2241 petition without prejudice to his right to file a proper civil rights action was correct. The proper means for seeking relief for these conditions of confinement claims is a civil rights action against the Bureau of Prisons under Bivens, after available administrative remedies have been exhausted, 42 U.S.C. 1997e(a). See Jones, 549 U.S. at 216 (failure to exhaust is an affirmative defense; inmates are not required to specially plead or demonstrate exhaustion in their complaints).

But, as the Warden has respectfully noted in his summary action response, section 2241 allows a prisoner to challenge the execution of his sentence, Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Eiland's claim that the BOP incorrectly calculated his sentence, if successful, would result in his speedier release from custody; it thus lies at "the core of habeas corpus." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (quoting Preiser v. Rodriguez, 411 U.S. 475, 489 (1973)). District Courts thus

3

have jurisdiction under § 2241 to consider petitions brought by inmates, like Eiland, who allege that the BOP miscalculated their sentences. Section 2241, and not § 2255, confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging the execution rather than the validity of his sentence. Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). See also Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990).

We will summarily affirm nonetheless because the documents that accompany Eiland's § 2241 petition do not indicate that he exhausted his administrative remedies with respect to his sentence calculation claim. The failure to exhaust deprives the BOP of the opportunity to create an administrative record and provide the factual and legal basis for its decision. Without an administrative record, there is nothing for a Court to review. We know from the Sentence Monitoring Computation Data document that Eiland submitted with his § 2241 petition, and the publicly available docket for *United States v. Eiland*, D.C. Crim. No. 09-cr-00950, that Eiland was sentenced on April 30, 2010 in the United States District Court for the Southern District of New York to a term of probation of 4 years for student loan fraud. But he violated the terms of his probation and, on December 1, 2014, he was sentenced to a term of imprisonment of 16 months. His sentence was calculated to begin on the day it was imposed, and he received 97 days of prior custody credit. With good conduct time, his expected release date was October 24, 2015, at which point he would have spent about 14 months in custody on a sixteen-month sentence. His full sentence is set to expire on December 25, 2015. Beyond this, Eiland does not elaborate on his claim, and his sentence does not reveal any obvious irregularities.

4

Exhaustion is a precondition to bringing suit. <u>See</u> <u>Small v. Camden County</u>, 728 F.3d 265, 269 (3d Cir. 2013). Giving an agency the opportunity to correct its errors is a central purpose of the exhaustion requirement. <u>See</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 89 (2006). The Supreme Court has explained that:

> Because exhaustion requirements are designed to deal with parties who do not want to exhaust, administrative law creates an incentive for these parties to do what they would otherwise prefer not to do, namely, to give the agency a fair and full opportunity to adjudicate their claims. Administrative law does this by requiring proper exhaustion of administrative remedies, which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).

<u>Id.</u> (citations and internal quotation marks removed). The lack of a record here is a problem of Eiland's creation, owing to his failure to exhaust. Accordingly, we will summarily affirm the District Court's dismissal of his § 2241petition on the basis of failure to exhaust administrative remedies to the extent that he stated a cognizable sentence calculation claim.

For the foregoing reasons, we will summarily affirm the order of the District Court, with the modification noted.