**CLD-089**                                                                **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4076
_____

GREGORY CHAPMAN,
                                                    Appellant

v.

UNITED STATES PAROLE COMMISSION
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-15-cv-02350)
District Judge:  Honorable Edwin M. Kosik
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 5, 2017

Before: FISHER, SHWARTZ and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 24, 2017)
_____

OPINION[*]
_____

PER CURIAM

Gregory Chapman is a federal prisoner proceeding pro se.  In December 2015,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Chapman filed a petition pursuant to 28 U.S.C. § 2241 in the District Court challenging the timeliness of his parole revocation hearing and the Parole Board's calculation of his sentence.[1] The District Court determined that Chapman's claims were meritless and denied the § 2241 petition by opinion and order entered July 13, 2016.

Approximately three months later, on October 18, 2016, Chapman sought leave to file a belated motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). Chapman explained that he had been in the course of moving from FCI Allenwood to FCI Fort Dix when the District Court ruled on his petition in July 13, 2016, and did not receive a copy of the decision until August 2016.

The District Court rejected Chapman's untimely motion. The court noted that even assuming that Chapman did not receive its decision until August 2016, he had not explained his failure to move for reconsideration over the course of the subsequent three months. Chapman now appeals from the District Court's order.

---

[1] 28 U.S.C. § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.[2]  Because

Chapman's motion for reconsideration was untimely under Rule 59(e), it did not toll the

running of the time to appeal from the District Court's order denying the underlying

§ 2241 petition.  See Fed. R. App. P. 4(a)(4)(A)(iv).  Therefore, this Court has

jurisdiction to review only the District Court's order denying the untimely motion for

reconsideration.  We review the District Court's order denying Chapman's motion for

reconsideration for an abuse of discretion.  See Max's Seafood Cafe ex rel. Lou-Ann, Inc.

v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

We will summarily affirm the District Court's order because this appeal

presents no substantial question.  See Third Cir. LAR 27.4 and I.O.P. 10.6.  The record

reflects that Chapman did not file his motion within the 28-day period provided by Rule

59(e).  Therefore, the District Court acted within its discretion in denying Chapman's

motion as time-barred under Rule 59(e).  In fact, the District Court was not permitted to

consider this untimely motion.  See Fed. R. Civ. P. 6(b)(2).[3]  The motions for

appointment of counsel and bail are denied.

---

[2] Chapman does not need a certificate of appealability to proceed with this appeal.  See
United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on
other grounds by Gonzalez v. Thaler, 132 S. Ct. 641 (2012).

[3] To the extent that the District Court could have construed Chapman's motion as arising
under Rule 60(b) instead, we note that he did not allege any facts that would entitle him
to relief under any potentially applicable subsection of that Rule.  See, e.g. Fed. R. Civ. P.
60(b)(1) (mistake, inadvertence, surprise, excusable neglect); 60(b)(2) (newly discovered
evidence); 60(b)(3) (fraud, misrepresentation, or misconduct by an opposing party);
60(b)(6) (extraordinary and special circumstances).