CLD-205                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1060
_____

U.S.; RIGHT OF WAY AUTHORITY; READING COMPANY
CHIEF OF POLICE; IBRAHIM ALY

v.

COMMONWEALTH OF PENNSYLVANIA; COURT OF COMMON PLEAS;
COUNTY OF PHILADELPHIA, CLERK OF QUARTER SESSION

IBRAHIM ALY,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 2-17-cv-02291)
District Judge:  Honorable C. Darnell Jones, II

_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect and for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 10, 2018
Before:  CHAGARES, GREENAWAY, JR. and FUENTES, Circuit Judges

(Opinion filed: June 20, 2018)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Ibrahim Aly filed in the District Court a "Writ[] of Mandamus," in which he appeared to challenge his Pennsylvania convictions for theft and receiving stolen property, as well as his parole revocation and multiple probation violations (for, among other things, drug use and abscension).[1] Aly later filed extra mandamus petitions and also a petition for a writ of habeas corpus, all on the same docket. By order entered July 17, 2017, the District Court: (1) dismissed the mandamus petitions with prejudice, concluding both that it lacked authority to issue a writ of mandamus against state courts or state officials, and that the exclusive vehicle for Aly's claims was a habeas petition; and (2) transferred Aly's pending habeas petition to a new docket number.

Because the District Court's July 17, 2017 order contained legal reasoning, judgment in this case is deemed "entered" on the docket 150 days after entry of the order. See Fed. R. Civ. P. 58(a), (c)(2)(B); Leboon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007). Aly's appeal filed on January 9, 2018, was thus timely. See Fed. R. App. P. 4(a)(1)(A). We have jurisdiction under 28 U.S.C. § 1291.

Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6, we may summarily affirm if an appeal presents no substantial question. See id. This is such an appeal. The District Court properly dismissed the mandamus petitions and permitted Aly to litigate his habeas petition on a fresh docket, as he was then "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a); see Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Coady

---

[1] According to Aly, his legal history includes a sentence of two years of parole and two years of probation, imposed in April 2017, based on a 2013 violation of probation.

2

v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); cf. In re Patenaude, 210 F.3d 135, 141 (3d Cir. 2000) (mandamus petitioner must establish that there are no alternative means of obtaining the sought-after relief).[2] Therefore, the judgment of the District Court will be summarily affirmed.

---

[2] Aly's habeas petition was eventually dismissed by the District Court, without prejudice, for failure to exhaust state court remedies. See Aly v. Clark, DC Civ. No. 2:17-cv-03201, ECF 6 (E.D. Pa. Sept. 11, 2017). He has not appealed that decision to date.