

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-24-2006

# Day v. Nash

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4834

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Day v. Nash" (2006). *2006 Decisions*. Paper 708.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/708

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 05-4834

——————

TIMOTHY A. DAY,
Appellant

v.

JOHN NASH, WARDEN;
FEDERAL BUREAU OF PRISONS

—————————————

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No.05-cv-00797)
District Judge:  Honorable Robert B. Kugler

————————————————
Submitted Under Third Circuit LAR 34.1(a)
June 7, 2006

Before: RENDELL, AMBRO and ROTH, Circuit Judges.

(Filed:  July 24, 2006)
————————————

OPINION OF THE COURT
————————————

PER CURIAM

      Timothy A. Day filed a petition pursuant to 28 U.S.C. § 2241 to protest the

execution of his sentence of imprisonment.[1]  He argued that the Bureau of Prisons

_____

      [1]See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001).  In his petition, Day
originally included an access to the courts claim, which the District Court dismissed

("BOP") violated his due process and equal protection rights when it assigned him a Sex Offender Public Safety Factor ("SOPSF") in reliance on a prior conviction for a misdemeanor charge of exposure of sexual organs.

Under the BOP guidelines, if the Presentence Investigation Report ("PSI"), or official documentation, clearly indicates that the inmate, in the term of confinement or in the past, had sexual contact with a minor or other person physically or mentally incapable of granting consent, or undertook any sexual act or contact that is aggressive or abusive in nature, then the BOP may impose a SOPSF. Fed. Bureau of Prisons, U.S. Dep't of Justice, Program Statement 5100.07, *Security Designation and Custody Classification Manual* ch. 7, at 2-3 (1999), *available at* http://www.fdewi.org/files/Designation.PDF. A conviction is not required for SOPSF imposition, but if a charge was dismissed or nolle prosequi, application of an SOPSF is prohibited. Id. at 2. An SOPSF is imposed if an inmate was charged with an included offense, but, as a result of a plea bargain, was not convicted of it. Id.

The BOP evaluated Day's PSI, in which the circumstances of Day's 1991 conviction was described as follows: "According to available records, the defendant was originally charged with Lewd and Lascivious Act in the Presence of a Child Under the Age of Sixteen Years, but pled to the lesser included misdemeanor charge on the date of

without prejudice to its renewal in a separate civil action. (Order of March 24, 2005). The dismissal of the access to the courts claim, which Day does not raise, is not at issue in this appeal.

2

his sentencing." (Response at Ex. 3.)[2]  In consideration of the PSI information, the BOP elevated Day's security level from minimum, under which he would be eligible for a prison camp, to low, under which he has been placed in a low security facility.  Day filed a § 2241 petition to protest the application of the SOPSF as a violation of his rights to equal protection and due process.

The District Court denied Day's petition.  Day appeals.  In his notice of appeal, Day requested a certificate of appealability, but such a certificate is unnecessary in an appeal from an order denying a § 2241 petition.  See Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir. 1997).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we will affirm.

Day's main contention on appeal is that the District Court erred because it ignored the persuasive authority of Simmons v. Nash, 361 F. Supp. 2d 452 (D.N.J. 2005).  He argues that Simmons stands for the proposition that the BOP does not have the authority to impose a SOPSF based on a prior conviction.  However, Simmons, dealing with a different BOP policy under a statute unrelated to this case, is inapposite.  Specifically, in Simmons, the court ruled on whether BOP could consider prior convictions to label a released prisoner a sex offender for purposes of the post-incarceration notification

---

[2]Day does not dispute that he was originally charged with a lewd and lascivious act in the presence of a child under 16 years old, or that he pleaded guilty to the lesser included exposure charge.  Day, who contends that the conviction resulted from urinating in public while he was drunk, argues that the original charge was incorrect, and that he pleaded guilty to corrected charges.

3

requirement of 18 U.S.C. § 4042. Therefore, the District Court did not err by not following Simmons.

The District Court also did not err in rejecting Day's claim under the Equal Protection Clause. Although Day cited the Equal Protection Clause, he made no allegation that the BOP treated him differently from any person similarly situated when it assigned him a SOPSF. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) ("The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike.")

The District Court also did not err in denying Day's due process claim to the extent that Day claimed that his classification deprived him of liberty without due process. Day did not have a liberty interest in the degree of his confinement. See Montayne v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); see also Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that liberty interests implicating the Due Process Clause are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

The District Court also did not err in finding that BOP did not abuse its discretion or act arbitrarily in relying on the information in Day's PSI to impose the SOPSF. The

4

PSI described the original lewd and lascivious act charge, and noted that Day pleaded guilty to the lesser included exposure charge on the day of sentencing. (Response at Ex. 3.) The BOP did not abuse its discretion in viewing such a guilty plea on the date of sentencing as the result of a plea bargain. There was no evidence in the PSI that the original lewd and lascivious charge had been dismissed or nolle prosequi so that it would have been inappropriate for the BOP to consider it.[3] Accordingly, and because the PSI described conduct that triggers a SOPSF (as the District Court explained in greater detail), the BOP did not act arbitrarily or abuse its discretion by relying on the PSI description, or by subsequently imposing the SOPSF in light of it.

For the foregoing reasons, we will affirm the District Court's order.

5

---

[3]Day, in his objections to the PSI, did not take issue with the PSI description of the circumstances of his conviction. (Response at Ex. 4.) We note, however, that the PSI may have been capable of another reading: it did not foreclose the possibility that Day pled guilty to a lesser-included offense after the initial charge was dismissed as incorrect. Regardless, we do not hold that the BOP abused its discretion in viewing the plea as the result of a plea bargain.