**Timothy A. DAY, Appellant**

v.

**U.S. DEPT. OF JUSTICE; U.S. Attorney General; Federal Bureau of Prisons; Director Lappin Director of Federal Bureau of Prisons; D. Scott Dodrill, N.E. Regional Director; Warden Charles E. Samuels, Jr.; Michael Carroll, Unit Manager 5811; Karlton Byrd, Case Manager Camp; Jason Raguckas, Case Manager 5811; Nancy Troxler, Counselor 5811.**

No. 07–2467.

United States Court of Appeals, Third Circuit.

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Under Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 13, 2007.

Filed: Oct. 4, 2007.

———————

Timothy A. Day, Fort Dix, NJ, pro se.

Before: RENDELL, SMITH and JORDAN, Circuit Judges.

## OPINION

**PER CURIAM.**

Appellant Timothy A. Day appeals from the District Court's judgment dismissing his complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. For the reasons that follow, we will dismiss this appeal pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

Day filed the instant action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), seeking monetary damages and an order requiring the Federal Bureau of Prisons ("BOP") to revise Program Statement 5100.07, Chapter 7 (1999), to conform to the U.S. Constitution.[1] He argued that the BOP's assignment of a Sex Offender Public Safety Factor ("SOPSF") to him upon his entry to federal prison violated the double jeopardy and due process clauses of the U.S. Constitution.[2] Day also claimed that the 1992 charge on which the SOPSF was based was supposed to be dismissed after he completed a term of probation and, therefore, should not have resulted in a conviction and, accordingly, could not have provided a basis for applying the SOPSF.

In 2005, Day filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the BOP violated his due process and equal protection rights when it assigned him an SOPSF based on his prior conviction for a misdemeanor charge of exposure of sexual organs. *See*

*Day v. Nash,* Civ. No. 05–cv–00797, 2005 WL 2654089 (D.N.J. Oct.12, 2005). The District Court denied his petition and we affirmed, holding that the District Court did not err in rejecting Day's equal protection claim, as he had made no allegation that the BOP treated him differently from any person similarly situated when it assigned him a SOPSF. *See Day v. Nash,* 191 Fed.Appx. 137, 139–40 (3d Cir.2006). We further concluded that the District Court did not err in denying his due process claim to the extent that he claimed that his classification deprived him of liberty without due process, as Day had no liberty interest in the degree of his confinement. *See id.* Finally, we held that the District Court did not err in finding that BOP did not abuse its discretion or act arbitrarily in relying on the information in his PSI to impose the SOPSF. *See id.* The PSI described the original lewd and lascivious act charge, and noted that Day pleaded guilty to the lesser included exposure charge on the day of sentencing. *See id.*

■ Based on our prior holding, the District Court in the instant action concluded that Day's claims were barred under the doctrines of *res judicata* and collateral estoppel. *See In re Continental Airlines, Inc.,* 279 F.3d 226, 232 (3d Cir. 2002). To the extent Day could be deemed to have raised a new claim regarding the violation of his Fifth Amendment right against double jeopardy, the District Court

---

**1.** After the complaint was filed, Program Statement 5100.07, Chapter 7 was rescinded and the relevant rules were replaced by Program Statement 5100.08, Chapter 5 (2006).

**2.** Under the BOP guidelines, if the Presentence Investigation Report or other official documentation clearly indicates that the inmate, during the term of confinement or in his prior criminal history, had sexual contact with a minor or other person physically or mentally incapable of granting consent, or

undertook any sexual act or contact that is aggressive or abusive in nature, then the BOP may impose an SOPSF. P.S. 5100.08, Sept. 12, 2006, Chapter 5, p. 8 (available at http://www.bop.gov/policy/progstat/5100_008.pdf).

A conviction is not required for SOPSF imposition, but if a charge was dismissed or nolle *prosequi,* application of an SOPSF is prohibited. *See id.* An SOPSF is imposed if an inmate was charged with an included offense, but, as a result of a plea bargain, was not convicted of it. *See id.*

held that such a claim was meritless, as the SOPSF did not constitute an additional criminal punishment for his 1992 conviction. *See Hudson v. United States,* 522 U.S. 93, 98–99, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997).

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because Day has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915, we review this appeal for possible dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). An appeal may be dismissed if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

■ We agree with the thorough analysis of the District Court and, accordingly, conclude that Day's appeal is without merit. In his notice of appeal, Day maintains that the District Court failed to address his claim that the 1992 charge on which the SOPSF was based was supposed to be dismissed after he completed a term of probation and, therefore, should not have resulted in a conviction and, accordingly, could not have provided a basis for applying the SOPSF. However, the record contains no evidence that the 1992 charge did not result in a conviction, and in his appeal of the denial of his § 2241 petition, we explained:

> The BOP evaluated Day's PSI, in which the circumstances of Day's 1991 conviction was described as follows: "According to available records, the defendant was originally charged with Lewd and Lascivious Act in the Presence of a Child Under the Age of Sixteen Years, but pled the lesser included misdemeanor charge on the date of his sentencing." (Response at Ex. 3.)[3] In consideration of

the PSI information, the BOP elevated Day's security level from minimum, under which he would be eligible for a prison camp, to low, under which he has been placed in a low security facility.

The record does not reflect that Day ever previously objected to the characterization that he was convicted of the lesser-included misdemeanor charge. Accordingly, this claim cannot provide the basis for any relief.

Based on the foregoing, we conclude that this appeal lacks legal merit, and will therefore dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). Day's motions for an injunction barring his transfer and to supplement the record are denied.

---

**3.** Day does not dispute that he was originally charged with a lewd and lascivious act in the presence of a child under 16 years old, or that he pleaded guilty to the lesser included exposure charge. Day, who contends that the conviction resulted from urinating in public while he was drunk, argues that the original charge was incorrect, and that he pleaded guilty to corrected charges.