

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-28-2007

# Speight v. Minor

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1540

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Speight v. Minor" (2007). *2007 Decisions.* Paper 529.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/529

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1540
_____

KENNETH EUGENE SPEIGHT,

Appellant

v.

JONATHAN C. MINOR, Warden

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. PA. No. 06-CV-01377)
District Judge: The Honorable Richard P. Conaboy
_____

Submitted Under Third Circuit LAR 34.1(a)
August 27, 2007

Before: SLOVITER, MCKEE and AMBRO, Circuit Judges

(Filed   August 28, 2007 )
_____

OPINION
_____

PER CURIAM

Kenneth Eugene Speight, a federal inmate presently confined at FCI-McKean,

Pennsylvania, appeals the District Court's dismissal of his petition under 28 U.S.C.

§ 2241 in which he sought to have a disciplinary action vacated and his good time credits and phone privileges reinstated. Speight argues that he was denied due process in connection with disciplinary charges that falsely accused him of a BOP Code 312 offense, "insolence toward a staff member," while he was confined at FCI-Allenwood in White Deer, Pennsylvania. He asserts that Counselor Simmons filed the allegedly false charge against him in retaliation for Speight's filing a civil rights lawsuit naming fellow officers, including disciplinary hearing officer ("DHO") Bittenbinder. He claims that DHO Bittenbinder, who presided over his disciplinary hearing prompted by Simmons's charge, was biased against him and failed to base his decision against Simmons upon the greater weight of the evidence.

After reviewing the petition and responsive pleadings, the Magistrate Judge recommended that the petition be dismissed. The District Court adopted the Magistrate Judge's Report and denied § 2241 relief. The District Court held that "some evidence" existed to support the disciplinary hearing officer's finding of guilt based on the disciplinary report completed by Counselor Simmons. The District Court also held that Speight's retaliation claim should have been brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).[1] Speight timely appealed.

We have jurisdiction to review the dismissal of Speight's petition pursuant to 28

---

[1] Speight does not challenge the District Court's determination that the sanctions imposed fell well within the BOP Guidelines for high-level offenses set forth at 28 C.F.R. § 541.13, tables 3 and 4, and thus were not excessive.

U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions. See Ruggiano v. Reish, 307 F.3d 121, 126 (3d Cir. 2002).

Speight argues vigorously that the District Court erred in failing to consider whether disciplinary sanctions imposed in retaliation for his having exercised his First Amendment right of access to the courts violates due process. The District Court, viewing the issue as a retaliation claim, held that it was not cognizable under § 2241.

Claims brought under § 2241 must challenge the execution of a sentence, rather than its validity. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). The precise meaning of the term "execution of a sentence" has not been determined. As we noted in Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2005), the Supreme Court's decisions in Nelson v. Campbell, 541 U.S. 637 (2004), and Preiser v. Rodriguez, 411 U.S. 475 (1973), determined that § 1983 provides no remedy in "conditions of confinement" cases where the claims asserted lie "at the core of habeas." Id. (also citing Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002)). But the Supreme Court did not address when a prisoner is precluded from filing a habeas petition. Woodall, at 242.

We question whether a retaliation claim is cognizable under § 2241. Although it is conceivable that, in certain circumstances, evidence of retaliatory motive on the part of a charging officer and a disciplinary hearing officer might be relevant to the question of whether a particular disciplinary adjudication violated due process pursuant to § 2241, we need not decide the issue in Speight's case. Assuming arguendo that Speight's retaliation claim is cognizable under § 2241, he failed to properly exhaust the issue through the

3

appropriate prison channels.

A federal prisoner must exhaust his administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Proper exhaustion requires that a petitioner assert an issue or claim at every administrative level. If a petitioner failed to exhaust his administrative remedies due to a procedural default, and the default renders the administrative process unavailable to him, review of his § 2241 claim is barred unless he can show cause and prejudice. Id. at 761.

Speight's § 2241 petition alleges that Counselor Simmons knew of Speight's pending civil rights suit against other officers at FCI-Allenwood. According to Speight, Simmons retaliated by deliberately failing to respond to Speight's informal complaints about the loss of his eyeglasses and lack of medical treatment for injuries sustained from an unexplained fall in March 2005. Speight spoke with a Warden twice about Simmons's failure to respond to him. After Speight's second talk with the Warden in May 2005, Simmons had a heated conversation with Speight at his cell, prompting Speights to retort "see you in court." That same day, Simmons pressed disciplinary charges against Speight, claiming that he hurled a racial slur at Simmons.

Although the underlying facts of the retaliation claim were known to Speight at the time that the disciplinary charges were brought in May 2005, he did not assert the claim in his written response to the disciplinary charge, nor did he testify to the facts underlying the retaliation claim at the disciplinary hearing. Speights did not raise retaliation as an

4

issue in his regional appeal. He mentioned retaliation for the first time at the final stage of his administrative appeal. Because he failed to raise the retaliation claim at every level of the administrative process, he has not properly exhausted the claim for § 2241 purposes. Moreover, the BOP administrative process is no longer available to him, and thus he is barred from raising the claim unless he can show cause and prejudice. Speight does not claim that the prison prevented him from raising the retaliation issue at the disciplinary hearing or on appeal. Accordingly, we conclude that the retaliation claim was properly dismissed as procedurally defaulted.[2]

We turn to Speight's bias and weight-of-the-evidence claims, which are properly brought in a § 2241 habeas corpus petition. Specifically, Speight argues on appeal that DHO Bittenbinder lacked impartiality because he was a named defendant in a civil rights action Speights filed. He also claims that Bittenbinder wrongly relied on Counselor Simmons's disciplinary report to find him guilty of misconduct and wrongly disregarded testimony from two inmates on Speight's behalf. The inmate witnesses were Speight's cellmate, PettyJohn, who was in the cell at the time that Speight and Simmons had their argument, and inmate Steward, who was housed in a cell located down the row. According to Speight, PettyJohn and Steward testified that Speight did not utter the racial slur that Simmons alleged.

As a prisoner facing a deprivation of a liberty interest in a prison disciplinary

---

[2] Because the claim is procedurally defaulted, we do not reach the arguments Speight raises in his Reply addressing the merits of the retaliation claim.

5

hearing, Speight is entitled to procedures sufficient to ensure that his interest in his good time credits was not arbitrarily abrogated. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Specifically, he had to be afforded certain minimal procedural protections, including, inter alia, an impartial tribunal.[3] See id. at 563-72. In addition, to comport with the requirements of due process, the decision of the disciplinary hearing officer had to be supported by "some evidence." See Superintendent v. Hill, 472 U.S. 445, 454 (1985). The "some evidence" standard does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Id. at 455-456. "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. at 456.

As the District Court correctly noted, the disciplinary hearing record, specifically the charging officer's report, although meager, constitutes some evidence supporting the DHO's decision in Speight's case. We also agree with the District Court that even though DHO Bittenbinder was named in one of Speight's lawsuits, he did not lack the necessary impartiality to preside over Speight's disciplinary hearing in this matter. "[T]he requirement of an impartial tribunal prohibits only those officials who have a direct personal or otherwise substantial involvement, such as major participation in a

---

[3] Speight does not make any claims as to the other procedural safeguards under Wolff: (1) advance written notice of the charges and underlying evidence; (2) an opportunity to call witnesses and present documentary evidence (to the extent compatible with the needs of the prison); (3) aid from a fellow inmate or staff representative, if inmate charged was illiterate or if the issues were complex; and (4) a written statement by the factfinders describing the evidence relied on and the reasons for disciplinary action taken.

6

judgmental or decision-making role, in the circumstances underlying the charge."

Meyers v. Alldredge, 492 F.2d 296, 306 (3d Cir. 1974); see also Rhodes v. Robinson, 612 F.2d 766, 773 (3d Cir. 1979). If a prisoner could disqualify hearing officers through instituting lawsuits against them, a prison's ability to conduct disciplinary hearings would be seriously compromised. See Redding v. Fairnan, 717 F.2d 1105, 1113 (7th Cir. 1983). Here, there is no record evidence that Bittenbinder had any personal involvement in the circumstances underlying Speight's charge.

Accordingly, we will affirm the District Court judgment.