Ronnie **MORRIS**, Appellant

v.

Donna **ZICKEFOOSE**, Warden, FCI Dix; Harley G. Lappin, Director, Bureau of Prisons; ERIC HOLDER, United States Attorney General.

No. 10–1426.

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6 March 4, 2010.

Opinion filed: March 9, 2010.

Ronnie Morris, Fort Dix, NJ, pro se.

Susan J. Steele, Esq., Office of United States Attorney, Newark, NJ, for Appellee.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Appellant Ronnie Morris seeks review of a final order by the United States District Court for the District of New Jersey entered on January 29, 2010, 2010 WL 342563, denying his petition for a writ of habeas corpus. Because the appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I. *Background*

On August 19, 2009, the United States District Court for the Western District of

New York sentenced Morris to a term of 12 months of imprisonment for two supervised release violations. His projected release date is May 15, 2010.

On January 20, 2010, Morris, who is incarcerated in New Jersey, filed an "emergency writ of mandamus" in the United States District Court for the District of New Jersey. In it, Morris claims that the Bureau of Prisons ("BOP") erroneously calculated his sentence. The District Court construed Morris's submission as a petition for a writ of habeas corpus and summarily denied the petition as meritless.[1]

Morris filed a timely pro se notice of appeal. He has moved to expedite the appeal.

II. *Analysis*

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 28 U.S.C. § 2253. We exercise plenary review over the District Court's denial of the petition for a writ of habeas corpus. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 239 n. 3 (3d Cir.2005). We review the District Court's factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir.2007). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

■ Morris claims the BOP erroneously computed his sentence by failing to award him credit for a 36–day period of detention from August 19, 2009, through September 23, 2009. See 18 U.S.C. § 3585(b)(1).[2] We

1. Ordinarily, we require federal prisoners to exhaust administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir.1996). Morris alleges that the BOP did not respond to his attempts to exhaust his administrative remedies and further efforts would be futile because his claim will become moot by his

May 15, 2010, release date. The District Court implicitly accepted Morris's arguments and reached the merits of his petition.

2. Pursuant to § 3585(b)(1), a defendant "shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sen-

have held that § 2241 provides the proper vehicle for a federal prisoner to challenge the "execution" of his sentence, including a challenge to his sentencing computation. *See Woodall,* 432 F.3d at 242; *Coady v. Vaughn,* 251 F.3d 480, 485 (3d Cir.2001). Accordingly, the District Court properly construed the claim as a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

■ Based upon the BOP's Sentence Monitoring Computation Data sheet, which Morris appended to his petition, the District Court found that the BOP awarded Morris credit pursuant to § 3585(b) for a period of detention from September 23, 2008, through November 20, 2008 (59 days) and for a period of detention from July 14, 2009, through August 18, 2009 (36 days). The District Court found that Morris commenced serving his 12–month sentence on August 19, 2009.

With regard to the disputed period from August 19, 2009, through September 23, 2009, the District Court found that "the BOP in fact gave Petitioner credit against his sentence for this period, insofar as the BOP calculates the 12–month sentence as commencing on August 19, 2009, the day it was imposed." Having closely reviewed the record, we conclude that the District Court's finding is not clearly erroneous. The District Court then correctly determined that Morris cannot be credited a second time for that period. *See* 18 U.S.C. § 3585(b); *see also United States v. Wilson,* 503 U.S. 329, 337, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992) (stating that Congress made clear in § 3585(b) that a prisoner can "not receive a double credit for his detention time."). Accordingly, we conclude that the District Court properly denied the petition for a writ of habeas corpus.

tence commences ... as a result of the of-

### III. *Conclusion*

Because there is no substantial question to be presented on appeal, we will summarily affirm the District Court's judgment. *See* 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny as moot the motion to expedite the appeal.

fense for which the sentence was imposed."