**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3297
_____

DAVID MEYERS,
                                        Appellant

v.

WARDEN R. MARTINEZ
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 10-1151)
District Judge: Honorable John E. Jones
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 21, 2011

Before:  AMBRO, HARDIMAN and STAPLETON, Circuit Judges

(Opinion filed: April 12, 2011)
_____

OPINION
_____

PER CURIAM

       David Meyers, a federal inmate currently incarcerated at USP-Allenwood in

Pennsylvania, seeks habeas corpus relief under 28 U.S.C. § 2241.  Because we perceive

no errors in the District Court's resolution of Meyers' claims, we will affirm its judgment.

Meyers is serving a prison sentence of 63 months, imposed on December 17, 2009, following his guilty plea in the United States District Court for the Eastern District of Virginia to one count of being a felon in possession of a firearm.[1] Pursuant to a federal detainer, Meyers was held in custody on the crime of conviction between February 16, 2007, and the date of his sentencing. Immediately preceding that period, Meyers had been held in state custody for 75 days (between December 1, 2006, and February 15, 2007) on a state charge that was eventually nolle prossed. All told, then, Meyers spent 1,112 days in custody prior to sentencing.[2] Accordingly, the BOP set Meyers' projected release date, after factoring in good time credits, at July 8, 2011. The BOP set the date of his eligibility for home detention at January 8, 2011.

Meyers' § 2241 petition, filed in May 2010, contained ten claims, which the District Court ably summarized as follows:

1) Respondent directed BOP staff to place Meyers in the General Population where an inmate was waiting to kill him . . . ;

2) the BOP failed to properly credit the time Meyers spent confined in the Federal Detention Center ("FDC") Philadelphia . . . ;

3) the BOP failed to follow the direction of the sentencing court to place Petitioner in a federal medical center to receive psychiatric treatment . . . ;

---

[1] The United States Court of Appeals for the Fourth Circuit granted the Government's motion to dismiss Meyers' direct appeal, based on the appellate waiver contained in the plea agreement, by order entered August 18, 2010. Meyers' motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, is currently pending in the Eastern District of Virginia.

[2] 2008 was a leap year.

4) there is no Mental Health Unit ("MHU") at USP Allenwood . . . ;

5) Respondent refuses to stop performing PPD skin tests on Petitioner . . . ;

6) Respondent has informed inmates . . . that Petitioner is an informant . . . ;

7) the BOP . . . is denying him [home] release and has untruthfully scored his security classification level . . . ;

8) Petitioner's projected release date and home detention eligibility date are incorrect . . . ;

9) on February 23, 2010, Respondent allowed an inmate to be placed in Petitioner's cell, and the inmate stabbed, cut, and sexually assaulted Petitioner . . . ; and

10) on April 24, 2010, Respondent again allowed an inmate to be placed in Petitioner's cell, and the inmate held Petitioner hostage . . . .

(DC dkt #5.) The District Court summarily dismissed without prejudice six of the ten claims in the petition (numbers 1, 4-6, 9 and 10) because those claims challenged the conditions of Meyers' confinement, and thus were not properly raised in habeas corpus proceedings. The warden of USP-Allenwood, R. Martinez, was then ordered to respond to Meyers' habeas petition. By order entered July 9, 2010, the District Court denied the remaining claims in Meyers' habeas petition (numbers 2, 3, 7, and 8), concluding that they were both unexhausted and without merit. Meyers timely appealed.

The District Court had subject matter jurisdiction under 28 U.S.C. § 2241(a), and our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a). A certificate of appealability is not required for Meyers' appeal. See Burkey v. Marberry, 556 F.3d 142,

3

146 (3d Cir. 2009). We exercise plenary review of the District Court's denial of habeas corpus relief. McGee v. Martinez, 627 F.3d 933, 935 n.2 (3d Cir. 2010). The District Court's factual findings are reviewed for clear error. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

The District Court properly dismissed Meyers' conditions of confinement claims without prejudice to Meyers' ability to pursue those claims in a civil rights action under 42 U.S.C. § 1983. See McGee, 627 F.3d at 936 ("the fact that a civil rights claim is filed by a prisoner rather than by an unincarcerated individual does not turn a § 1983 case or a Bivens action into a habeas petition . . . even where the complained-of condition of confinement creates, as a secondary effect, the possibility that the plaintiff will serve a longer prison term than that to which he would otherwise have been subject."). We also agree with the District Court that Meyers failed to exhaust his administrative remedies with respect to the other four claims in the habeas petition. See Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) ("Ordinarily, federal prisoners are required to exhaust their administrative remedies prior to seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241."). It was Meyers' burden, see Coady v. Vaughn, 251 F.3d 480, 488 (3d Cir. 2001), to prove that he exhausted his administrative remedies—here, completion of the BOP's multi-tier Administrative Remedy Program—and he failed to do so.[3]

Furthermore, we agree with the District Court that Meyers' habeas claims related

---

[3] Specifically, by his own records, Meyers failed to pursue any denied grievance

4

to the BOP's security classification and sentence calculations are without merit, for substantially the reasons given in the District Court's opinion.  Importantly, Meyers has failed to demonstrate on appeal that any of the District Court's factual findings are clearly erroneous.  Finally, while Meyers' third claim—that the BOP is defying a court order that he "receive mental health services at a Federal Medical Center (DC dkt #1, pg. 3)—also lacks merit, we note that the Eastern District of Virginia *did* order Meyers to undergo psychiatric evaluations at FMC Butner from November 2007 to March 2008, and then again from September 2008 to March 2009, during the pendency of the underlying criminal proceedings.  The "Special Conditions of Supervision" section of Meyers' criminal judgment states that, "[w]hile on supervised release, pursuant to this Judgment . . . [t]he defendant shall participate in a program approved by the Probation Office for mental health treatment."  (DC dkt #7, Attachment 3, pg. 4.)  On appeal, Warden Martinez states that "[a]ny mental health treatment Meyers receives aside from that is squarely within the discretion of the BOP."  (Resp. Br. at 13.)  To the extent feasible, we encourage the BOP to exercise that discretion.

The judgment of the District Court will be affirmed.

---

beyond the Regional Office level.  (DC dkt #11.)