**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1514
_____

MANUEL WILLIAMS,
                                        Appellant

v.

DONNA ZICKEFOOSE

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-10-cv-04579)
District Judge:  Honorable Noel L. Hillman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 9, 2012

Before:  SLOVITER, GREENAWAY, JR. and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: November 15, 2012)
_____

OPINION
_____

PER CURIAM

        Manuel Williams, a federal prisoner proceeding pro se, appeals from the District

Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

For the following reasons, we will affirm.

1

I.

In 2005, Williams was arrested and charged with Attempted Possession of a Controlled Substance in South Dakota state court. On August 30, 2005, he received a forty-month state sentence, with credit given from the time he was taken into custody on February 2, 2005. On October 13, 2005, he was indicted for six federal drug crimes in the United States District Court for the District of South Dakota. Williams was received into federal custody pursuant to a writ of habeas corpus ad prosequendum on November 17, 2005. On June 16, 2006, while in federal custody, he was paroled on his state sentence.

Williams was sentenced on three counts of the federal indictment on December 4, 2006. He received a term of 121 months incarceration, followed by five years of supervised release. Although Williams had already completed his state sentence, the sentencing court directed that his federal sentence should run concurrent with his state sentence.

Williams was designated to FCI Fort Dix, New Jersey, on December 20, 2006. The Bureau of Prisons ("BOP") calculated Williams' federal sentence as beginning on December 4, 2006, the date that it was imposed. He was given prior custody credit from June 17, 2006, the date after his state sentence ended, through December 3, 2006, the date before his federal sentence began. He has a projected good conduct time release date of March 31, 2015.

2

Williams disputes the BOP's computation of his sentence. He contends that his jail time credit should accrue from February 2, 2005, the date he was taken into state custody, instead of from June 17, 2006, the day after he completed his state sentence, because the state and federal offenses were essentially the same. After unsuccessfully pursuing administrative relief from the BOP, Williams filed a petition for a writ of habeas corpus challenging the BOP's execution of his federal sentence. See 28 U.S.C. § 2241; Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001). The District Court denied the petition, and Williams timely appealed.

II.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253. A certificate of appealability is not required to appeal from the denial of a § 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We review a District Court's denial of habeas corpus relief de novo. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Calculating a term of imprisonment is comprised of two steps. First, "a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Second, a defendant receives credit for time spent in custody "prior to the date the sentence commences . . . that has not been credited against another sentence." 18 U.S.C. § 3585(b). In other words, a federal prisoner can receive credit for certain time spent in official detention before his sentence begins, as long as that time has not been credited against any other sentence. Section 3585(b) makes clear

3

that prior custody credit cannot be double counted.  United States v. Wilson, 503 U.S. 329, 337 (1992) (a defendant cannot "receive a double credit for his detention time"); see also Vega, 493 F.3d at 314.

In this case, the BOP credited Williams' federal sentence with the period between June 17, 2006, and December 3, 2006, for the time he served in official detention that was not credited toward his state sentence; that is, the time after he was paroled (at which point his state sentence was satisfied), until the day before his federal sentence began. The District Court determined that Williams' "request to have the time before June 17, 2006 credited against his remaining time is, in effect, a request for double credit of the state time that [he] served prior to federal sentence."  (Dkt. No. 11, p. 7.)  Because § 3585(b) prohibits double counting, the District Court denied Williams' petition.

We agree with the District Court.  Williams' time in custody from February 2, 2005, until June 16, 2006, was credited to his state sentence, and could not apply to his federal sentence.[1]  The fact that the sentencing court ordered that Williams' federal sentence run concurrently with his state sentence does not change our analysis.  The sentencing court was apparently unaware that Williams' state sentence was complete at time of his federal sentencing.  Moreover, as the District Court pointed out, it would have

---

[1] A prisoner detained pursuant to a writ of habeas corpus ad prosequendum remains in the primary custody of the first jurisdiction – in this case, the state of South Dakota – "unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000).  South Dakota did not relinquish jurisdiction prior to Williams being paroled.

4

been impossible for Williams to serve the sentences concurrently because his state sentence ended before his federal sentence began. (Dkt. No. 11, p. 8.)

Williams' argument that the sentencing court meant to apply U.S.S.G. § 5G1.3(c), thereby making his "federal sentence retroactively concurrent for the entire period of the state sentence," (Informal Br., p. 3a), is unavailing. The record does not reflect that § 5G1.3(c) was ever taken into consideration at any time during sentencing. Williams' reliance on Ruggiano v. Reish, 307 F.3d 121, 131 (3d Cir. 2002), is misplaced. In that case, the defendant specifically requested the application of §5G1.3(c), id., while Williams did not. Moreover, after our decision in Ruggiano, the application notes to § 5G1.3(c) were amended specifically to avoid confusion with the BOP's exclusive authority to grant credit for time served under § 3585(b). See U.S.S.G. §5G1.3 app. note 3(E) (2003). The notes state that any downward departure pursuant to § 5G1.3(c) should be clearly stated on the record. Id. Because this amendment was in effect at the time Williams' federal sentence was imposed, and neither he nor the sentencing court so much as mentioned § 5G1.3(c), we cannot accept Williams' argument that the sentencing court meant to apply it.

We conclude that the BOP did not err in calculating Williams' sentence. The District Court properly denied his petition under 28 U.S.C. § 2241. We will, therefore, affirm the District Court's order entered on January 6, 2012.