GLD-119                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3766
_____

SHANE CHRISTOPHER BUCZEK,
                                                                        Appellant

v.

R. WERLINGER; T. MONTGOMERY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 3-12-cv-00112)
District Judge: Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 7, 2013

Before:  FUENTES, FISHER and GREENBERG, Circuit Judges

(Opinion filed: February 13, 2013)
_____

OPINION
_____

PER CURIAM

Appellant Shane C. Buczek, formerly a federal prisoner, appeals an order of the

District Court denying his petition for writ of habeas corpus.  For the following reasons,

we will dismiss the appeal as moot.

Buczek was serving a term of imprisonment of 33 months imposed on November 5, 2010, by the United States District Court for the Western District of New York when, on July 29, 2011, a Bureau of Prisons staff member received information from the U.S. Marshal service that Buczek had attempted to extort or blackmail his sentencing judge. Specifically, Buczek sent a Form 1099-A, Acquisition of Abandonment of Secured Property, to the Internal Revenue Service, listing the sentencing judge as a debtor and Buczek as the lender. In using the Form 1099-A, Buczek was attempting to set-off the restitution order imposed as part of his sentence (of $8,882.39) under a theory of redemption, but the use of Form 1099-A under these circumstances is regarded by the IRS as frivolous. Buczek was adjudicated guilty following a disciplinary hearing of violating Offense Code 299, most like 217; that is, conduct disruptive to security or orderly running of a BOP facility, most like attempting to give money to or receive money from any person for the purpose of introducing contraband, or for any other illegal or prohibited act. See 28 C.F.R. § 541.3, Table 1. The Disciplinary Hearing Officer imposed a sanction of disallowance of 27 days of Good Conduct Time, among other sanctions not relevant here. Buczek appealed through administrative channels but the sanction was upheld on the grounds that he had improperly attempted to use his criminal case to place a financial liability on the sentencing judge and to have the United States Treasury pay his restitution.

On June 6, 2012, Buczek filed a petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the Western District of Pennsylvania,

seeking restoration of his Good Conduct Time.[1]  The Magistrate Judge filed a Report and

Recommendation, in which he determined that Buczek's due process rights had not been

violated, and he recommended that the habeas corpus petition be denied.  After Buczek

filed meritless objections, the District Court, in an order entered on July 20, 2012,

adopted the Report and Recommendation and denied the habeas corpus petition.

Thereafter, the District Court denied Buczek's motion for reconsideration in an order

entered on September 7, 2012.

Buczek appeals.  We have jurisdiction under 28 U.S.C. § 1291; United States v.

Cepero, 224 F.3d 256, 264-65 (3d Cir.2000) (certificate of appealability not required to

appeal from denial of section 2241 petition).  Our Clerk granted Buczek leave to appeal

in forma pauperis and advised him that the appeal was subject to summary dismissal

under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and

I.O.P. 10.6.  The parties were invited to submit argument in writing.  Buczek has

submitted a response in support of his appeal, and the federal appellees have moved for

dismissal of the appeal on the ground that it is now moot.

We will dismiss the appeal as moot.  Insofar as Buczek was in BOP custody when

he filed his habeas corpus petition under 28 U.S.C. § 2241, he satisfied the "in custody"

jurisdictional requirement, Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  However, in

_____

[1] A challenge to the Bureau of Prison's execution of a sentence is properly brought under 28 U.S.C. § 2241. Woodall v. Federal Bureau of Prisons, 432 F.3d at 235, 241-43 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001).

3

their summary action motion/response, the federal appellees have established that Buczek was released from custody on December 6, 2012, to serve his term of supervised release. Buczek sought in his habeas corpus petition only to have his Good Conduct Time restored. This is all the relief he requested. The federal courts may adjudicate "only actual, ongoing cases or controversies." Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (quoting Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990)). This "case or controversy" requirement continues at the appellate stage and requires that a party like Buczek have a personal stake in the outcome. See id. That personal stake in the restoration of his Good Conduct Time is now absent from his case because of his release from prison. We are unable to fashion any form of meaningful relief and thus, whether or not his due process rights were violated (and we do not suggest that they were), the appeal is moot. See Artway v. Att'y Gen. of New Jersey, 81 F.3d 1235, 1246 (3d Cir. 1996).

For the foregoing reasons, we will dismiss the appeal as moot. The appellees' motions for summary action and for a stay of the briefing schedule are denied as moot.