CLD-271                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1708
_____

UNITED STATES OF AMERICA,

v.

EDNA GORHAM-BEY,
                                          Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 07-cr-00442)
District Judge: Donetta W. Ambrose
_____

Submitted on a Motion to Dismiss
June 6, 2013

Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: June 19, 2013)
_____

OPINION
_____

PER CURIAM

 Appellant Edna Gorham-Bey appeals certain decisions of the District Court.  For

the reasons that follow, we will dismiss the appeal in part for lack of appellate

jurisdiction and summarily affirm to the extent that we have jurisdiction.

1

Gorham-Bey, a federal prisoner incarcerated at the Federal Medical Center - Carswell in Fort Worth, Texas, was sentenced on November 16, 2007 in the United States District Court for the District of Maryland to a term of imprisonment of 96 months. On February 13, 2009, Gorham-Bey was sentenced in the United States District Court for the Western District of Pennsylvania to a term of imprisonment of 15 months, to be served consecutively to the District of Maryland sentence. When this latter sentence was imposed, the District Court ordered that Gorham-Bey was to receive credit for time served. Gorham-Bey challenged the latter sentence in a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied by the District Court on August 2, 2012, see United States v. Gorham-Bey, 2012 WL 3155652 (3d Cir. 2012). A timely filed motion for reconsideration was denied in an order entered on September 5, 2012.

On November 13, 2012, Gorham-Bey filed a motion in the Western District of Pennsylvania, in which she complained that the Bureau of Prisons had not properly computed her sentence with respect to "time served." After the Government responded, the District Court, in an order entered on February 1, 2013, dismissed the motion without prejudice for lack of jurisdiction.

Gorham-Bey filed a notice of appeal on March 11, 2013, which was timely with respect to the order denying her motion for proper computation of sentence, see Fed. R. App. Pro. 4(a)(1)(B) (providing for 60-day appeal period), but which actually referenced the District Court's order denying her section 2255 motion. The Government has filed a motion to dismiss the appeal, which is in the nature of a motion to summarily affirm the order dismissing Gorham-Bey's motion for proper computation of sentence. Gorham-

Bey has filed an Informal Brief, in which she has addressed both her section 2255 claims and her motion for proper computation of sentence.

To the extent Gorham-Bey intended to appeal the District Court's order denying her section 2255 motion, the appeal is untimely filed and will be dismissed for lack of appellate jurisdiction. Federal Rule of Appellate Procedure 4(a)(1)(B) provides that a notice of appeal must be filed within 60 days after entry of the order appealed where the United States is a party. The time periods prescribed for filing a notice of appeal in a civil case are mandatory and jurisdictional. Bowles v. Russell, 551 U.S. 205, 209-11 (2007). The notice of appeal filed on March 11, 2013 was untimely with respect to the orders denying Gorham-Bey's section 2255 motion and timely motion for reconsideration.

The notice of appeal was, however, timely filed with respect to the District Court's order denying Gorham-Bey's motion for proper computation of sentence. We thus have jurisdiction to review that order, Fed. R. App. Pro. 4(a)(1)(B); 28 U.S.C. § 1291. We will grant the Government's motion and summarily affirm this order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Gorham-Bey's motion concerned the manner in which her sentence is being executed. The computation of a prisoner's sentence by the Bureau of Prisons concerns the execution of a sentence, and a prisoner who is challenging not the validity but the execution of her sentence must pursue relief in a federal habeas corpus petition pursuant to 28 U.S.C. § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005); Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Moreover, a federal

3

habeas corpus petition must be filed in the district where the prisoner is confined, 28 U.S.C. § 2241(a); Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004), which, in Gorham-Bey's case, is not the Western District of Pennsylvania. Accordingly, the District Court was without jurisdiction to entertain her motion for proper computation of sentence and properly dismissed it without prejudice.

For the foregoing reasons, we will dismiss the appeal in part for lack of appellate jurisdiction, and grant the Government's motion and summarily affirm the order of the District Court dismissing Gorham-Bey's motion for proper computation of sentence.