**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4773
_____

RAYMOND EDWARD CHESTNUT,

Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3:13-cv-02951)
District Judge:  Honorable William J. Nealon, Jr.

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 25, 2015

Before: RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 2, 2015)

_____

OPINION[*]
_____

PER CURIAM

--------

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Raymond Chestnut seeks this Court's review of the District Court's dismissal of his petition filed pursuant to 28 U.S.C. § 2241. Because his appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In 2007, Chestnut was sentenced to an aggregate term of 300 months' imprisonment by the United States District Court for the District of South Carolina after pleading guilty to conspiracy to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and the possession, use, or carrying of a firearm in connection with a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Chestnut withdrew his direct appeal to the Fourth Circuit Court of Appeals. And in July 2010, upon the Government's motion pursuant to Federal Rule of Criminal Procedure 35(b), the District of South Carolina reduced Chestnut's sentence to an aggregate term of 180 months' imprisonment.

Since then, Chestnut has repeatedly attacked his conviction, including filing several motions to vacate his sentence pursuant to 28 U.S.C. § 2255,[1] and several applications to the Fourth Circuit to file a second or successive § 2255 motion, all of which were denied.

---

[1] Most recently, on June 15, 2015, Chestnut filed a § 2255 motion in the District of South Carolina. (D.S.C. Crim No. 4:05-cr-01044, dkt. no. 528.) That motion is based on the same claim that he raised in the § 2241 petition currently at issue.

2

Chestnut filed the current 28 U.S.C. § 2241 petition in the United States District Court for the Middle District of Pennsylvania, the jurisdiction in which he is confined. He claimed that his sentence is invalid and that he is actually innocent of being a career offender because certain of his state convictions were vacated after the statute of limitations for filing a 28 U.S.C. § 2255 motion had expired. The District Court dismissed the petition.

Chestnut now appeals.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. "We exercise plenary review over the district court's legal conclusions and apply a clearly erroneous standard to its factual findings." Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

Chestnut's petition is not viable under § 2241. A motion filed under 28 U.S.C. § 2255 is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). By contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Here, the claim in Chestnut's § 2241 petition challenges the validity of his sentence and must be brought under § 2255.

In limited circumstances, a federal prisoner can seek relief under § 2241 if the remedy provided by § 2255 is "inadequate or ineffective" to test the legality of his or her detention. 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). This occurs "only where the petitioner demonstrates that some limitation of scope of procedure would prevent" the petitioner from receiving adequate adjudication of his or her claims. Cradle, 290 F.3d at 538. We have thus far applied this "safety valve" only in the rare situation where a prisoner has had no prior opportunity to challenge his conviction because an intervening change of the law decriminalized the conduct underlying the conviction. Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251).

As noted above, Chestnut asserts that he is actually innocent of being a career offender and that his sentence is invalid because prior state court convictions on which that sentence was based have been vacated. The District Court concluded that the "safety valve" does not apply to such claims. Even if there were a basis to conclude otherwise, Chestnut's claim is too conclusory to suggest any potential basis for relief. In his § 2241 petition, Chestnut asserts that his prior convictions for possessing crack cocaine, "purse snatching," and assault have been vacated. But Chestnut, who is an experienced litigant, has not provided any evidence or detail showing that these alleged events may call the basis for his present sentence into question. Chestnut, for example, has not specified the dates of these convictions, the court or courts that rendered them, or when or why the

4

convictions allegedly were vacated. Nor has Chestnut specified how these convictions resulted in his original 300-month sentence, let alone how they may have influenced the 180-month sentence that he has been serving since his sentencing court reduced his sentence in 2010.

Additionally, Chestnut's argument that § 2255 is "inadequate or ineffective" because his state court convictions were vacated after the time expired to file a § 2255 motion misunderstands § 2255's statute of limitations in this context. If Chestnut's state court convictions on which his federal sentence were based were vacated, then (assuming he exercised sufficient diligence) they are "facts" triggering the commencement of a renewed one-year limitations period. See Johnson v. United States, 544 U.S. 295, 308 (2005). Chestnut has recently filed a § 2255 motion in the sentencing court. We express no opinion on the merits of his motion, but until the sentencing court has ruled, and Chestnut has sought relief on appeal if necessary, we have no basis to conclude that § 2255 is an inadequate or ineffective method by which he can challenge his sentence.

Accordingly, the District Court did not err in dismissing Chestnut's § 2241 petition, and we will affirm its judgment.