**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4456
_____

JAMES MURRAY
a/k/a James Hines,
Appellant

v.

WARDEN LEWISBURG USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-02013)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 2, 2016

Before:  JORDAN, BARRY and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 3, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

1

Pro se appellant James Murray, a prisoner confined in the United States Penitentiary in Lewisburg, Pennsylvania, appeals the District Court's order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Murray's appeal requires a certificate of appealablity (COA) to proceed. Because he does not meet the standard for issuing one, we decline to do so and will dismiss the appeal.

According to his habeas petition, Murray is currently serving a sentence imposed by the Superior Court of the District of Columbia. After he had begun serving that sentence, he was convicted in Massachusetts state court of armed robbery, and sentenced to a consecutive term of 11 to 14 years' imprisonment. See Murray v. D.C., 826 F. Supp. 4, 7 (D.D.C. 1993) (detailing Murray's criminal history). The Commonwealth of Massachusetts has lodged a detainer to ensure that, when Murray is released from his D.C. sentence, he will be transferred to the custody of Massachusetts to begin serving his sentence for armed robbery.

In 2014, Murray filed a § 2241 petition in the District Court. He claimed that forcing him to serve a consecutive sentence after he has completed his lengthy D.C. sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. Thus, he asked the District Court to set aside his Massachusetts conviction and the associated detainer. The District Court concluded that such a challenge must be filed "in the jurisdiction in which the state official lodging the detainer is located" — that is, in Massachusetts. Op. at 4. The Court therefore dismissed the § 2241 petition without

2

prejudice to Murray's re-filing in the District of Massachusetts. Murray filed a timely notice of appeal to this Court.

While the District Court treated Murray's petition as arising under § 2241, the Government argues that it is properly treated as a § 2254 petition. We need not resolve this issue because under either section, Murray must obtain a COA to proceed with this appeal. See Coady v. Vaughn, 251 F.3d 480, 486 (3d Cir. 2001); United States v. Cepero, 224 F.3d 256, 264 (3d Cir. 2000) (en banc), overruled on other grounds by Gonzalez v. Thaler, 132 S. Ct. 641, 647 n.1 (2012); see also Montez v. McKinna, 208 F.3d 862, 868 n.6 (10th Cir. 2000). To obtain a COA, Murray must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Murray must satisfy both the procedural and the constitutional components of this test, and we may "proceed[] first to resolve the issue whose answer is more apparent from the record and arguments." Id. at 485.

Here, we conclude that jurists of reason would agree that Murray has not presented a valid Eighth Amendment challenge to his Massachusetts sentence. To make out an Eighth Amendment violation, Murray must show that his sentence is grossly disproportionate to his crime. Graham v. Florida, 560 U.S. 48, 59 (2010). It is "difficult for the challenger to establish a lack of proportionality." Id. The Supreme Court has previously rejected Eighth Amendment challenges to a sentence of 25 years to life for

3

felony grand theft of three golf clubs under a three-strikes law, see Ewing v. California, 538 U.S. 11, 19-20 (2003), and consecutive 20-year sentences for possession with intent to distribute and distribution of marijuana, see Hutto v. Davis, 454 U.S. 370, 370-72 (1982) (per curiam).

Reasonable jurists would agree that Murray's sentence for armed robbery is not constitutionally disproportionate to his crime. His sentence — 11 to 14 years in prison — is well below the statutory maximum of life imprisonment. See Mass. Gen. Laws ch. 265, § 17; see also United States v. Burnett, 773 F.3d 122, 137 (3d Cir. 2014) ("a court grants substantial deference to legislative decisions regarding punishments for crimes"). It is also far shorter than the sentences that the Supreme Court has previously concluded withstood attack under the Eighth Amendment. Moreover, Murray has identified no specific characteristics of his crime that suggest he should have received an especially light sentence.

Indeed, Murray does not argue in any meaningful way that the armed-robbery sentence is, in itself, excessive. Rather, he contends that it is excessive because it runs consecutively to his D.C. sentence. However, as relevant here, "[t]he Eighth Amendment analysis focuses on the sentence imposed for each specific crime, not on the cumulative sentence for multiple crimes." Hawkins v. Hargett, 200 F.3d 1279, 1285 n.5 (10th Cir. 1999); see also United States v. Rosenberg, 806 F.2d 1169, 1175 (3d Cir. 1986). Reasonable jurists would therefore agree that Murray's constitutional claim lacks merit. See United States v. Walker, 473 F.3d 71, 83 (3d Cir. 2007) (rejecting Eighth

Amendment challenge to 55-year consecutive sentence for three convictions under 18 U.S.C. § 924(c)(1), two of which occurred during armed robberies).

Therefore, we decline to issue a COA. And, because a COA is a jurisdictional prerequisite to maintaining an appeal on the merits, see United States v. Doe, -- F.3d ---, No. 13-4274, 2015 WL 8287858, at *6 (3d Cir. Dec. 9, 2015), we will dismiss the matter for lack of jurisdiction. We deny Murray's numerous pending motions.